BATTEY *against* BUTTON.

THIS was an action of *assumpsit*. The first count of the declaration stated, that one *Henry Osborn* had been sued, and arrested by virtue of a warrant issued by one *Henry Delord*, a justice of the peace of the county of *Clinton*, at the suit of the defendant; in which suit the defendant claimed the sum of eight dollars, whereupon the plaintiff, as the agent of *Osborn*, and the defendant, agreed to submit the matter in controversy to the decision of *Henry Delord* and *Henry Grun*; and, in case they could not agree, after due examination and consultation in the premises, that then they should choose a third person to arbitrate in conjunction with them, in the premises, whereupon they chose *William Stewart*, and the parties, *Battey* and *Button*, mutually executed, each to the other, a note, dated at *Peru*, the 6th of *February*, 1808, for the sum of 250 dollars, payable to each other, or order, with interest, two months after date ; and it was agreed, that in case the arbitrators should make an award against either party, the note executed by such party should be endorsed by the arbitrators, so as to leave due thereon the sum which they should award such party to pay the other; and the note executed by the party in whose favour the award should be made be delivered up and cancelled ; that the arbitrators having met and heard the proofs, two of them, *Grun* and *Stewart*, awarded against the said *Henry Osborn*, the sum of 232 dollars and 75 cents, and thereupon endorsed upon the note executed by *Battey* the sum of 17 dollars and 25 cents; that *Delord*, the third arbitrator, dissented from the award ; and that the defendant, afterwards, endorsed the said note to *Ross & Platt*, to whom the plaintiff was compelled to pay the said 232 dollars and 75 cents, with interest.

To this was added a count for money lent, money paid, and money had and received.

The defendant demurred, specially, to the first count in the plaintiff's declaration, and the plaintiff joined in demurrer.

*Crary*, in support of the demurrer.

*Where, on a submission to arbitration, the parties mutually execute promissory notes to one another, as security for the payment of the sum which may be awarded, and the arbitrators having awarded in favour of A., the one party, deliver to him the note of B, the other party, and A. endorses the note to C., to whom B is compelled to pay the amount, and B. seeks to recover back from A. the sum so paid to his endorsee, on the ground that the award was void. B. cannot recover against A.: if he could have insisted on the invalidity of the note, as a defence to an action by C., or, if such defence were then inadmissible, he must show, that he could not have availed himself of it, by averring that the note was transferred before it fell due.*

*Where, on a submission to three arbitrators, one dissents from the award of the other two, who execute the award without the dissenting arbitrator, such award is valid.*

Z. R. Shepherd, contra.

*Per Curiam.* This case comes before the court on a special demurrer to the first count in the declaration. It is unnecessary, however, to notice the special causes of demurrer, for the count is bad in substance. If the arbitration note, which the plaintiff had paid to the defendant, was void, payment of it should have been resisted, if the defence was admissible, and, if not, the declaration, in this case, should show why it was not. It was, therefore, a material averment, *that the note was transferred before it fell due*, so as to show that the defence could not have been then set up against the note in the hands of an innocent endorsee, to whom it was transferred before it fell due. But the objection taken to the validity of the note is not well founded; to wit, that the award between *Button* and *Osborn* was void, because not signed by all the arbitrators. This was not necessary. The submission was to two, and, in case they could not agree, they were to choose a third person to arbitrate, in conjunction with them, upon the premises. The declaration alleges that such third person was chosen. This mode of submission necessarily implies an authority to two, to make an award. To require the award to be signed by all, would involve a manifest absurdity. The two were authorized to choose a third, only in case of their disagreement; and yet, after they had disagreed, and chosen a third, all must agree, according to the argument on the part of the plaintiff. The first count in the declaration is, therefore, bad on this ground, which strikes at the root of the plaintiff's cause of action. The defendant must, accordingly, have judgment upon the demurrer.