JAMES S. GREEN, plaintiff in error, *vs.* JOHN A. SHIELDS, defendant in error.

1. Where an award was made the judgment of the Court at an adjourned term, after notice given to defendant between the regular and the adjourned term, such notice was sufficient.
2. Even if the award was erroneous, the *fi. fa.* issued therefrom could not be arrested by oath of illegality in consequence of such error in the judgment.

Illegality. Decided by Judge VASON. Sumter Superior Court. April Term, 1867.

This case came up on the bill of exceptions without more. It appeared that said parties had submitted to certain persons, as arbitrators, to determine what amount (if anything) was due on a promissory note given by Green to Shields ; an award had been made up, and at the October adjourned term at the said Court, 1866, said award had been made the judgment of said Court without any copy or notice whatever to Green, the defendant, before the regular term in October, but with notice to him between the regular term and the adjourned term.

The *fi. fa.* was for $3,400.80, and (we suppose) was levied, or about to be levied on Green's property. Green filed an oath of illegality, (so far as is shown) taking no other ground than that the award was made by mistake.

The assignment of error is that the Court erred in making the award the judgment of the Court. The certificate of the Judge, signed 27th May, 1867, says he only decided "that illegality was not the remedy."

C. T. GOODE, for plaintiff in error.

H. K. McKAY, by W. A. HAWKINS, for defendant in error.

HARRIS, J.

1. The proper time for objections to be made by one dissatisfied with an award in pursuance of a reference, would seem to

be when the award is returned to Court, or at farthest, when the motion is made to make the award the judgment of the Court. It is presumed that such motion has been regularly entered on the motion docket, so that all persons interested may be presumed to have notice.

These matters of practice must rest in the sound discretion of the Court, and be determined by the attending circumstances.

The notice given in this case by the arbitrators to the plaintiff in error of the award, previously to the motion to make it the judgment of the Court, was sufficient to protect the party complaining from any of the evils which arise from surprise, and enough surely to have enabled him to have made properly his objections, if he had any, to the award; and this being so, we can but deem the notice given as a substantial compliance with the requirements of the act relative to arbitrations.

2. If the award was erroneous, it occurs to us that the execution issued on the judgment thereon, could not be arrested in consequence of such error in the judgment by the process of "illegality." If the rights of the party complaining have been essentially prejudiced by want of notice, and he is without fault in allowing judgment to be entered against him, it is apprehended that by an appropriate proceeding in the Superior Court, the judgment may be entirely set aside or re-opened according to the exigency, so as to admit of such modification as justice may demand.

Judgment affirmed.