## MARSHALL *vs*. HICKS.

To make an award of arbitrators, under a submission of matters in dispute not pending in court, valid as a judgment by entering it on the minutes of the superior court, it must be returned " to the next superior court of the county *where the award was made*" and entered on the minutes of that court; if returned and entered on the minutes of the superior court of any other county, it is not a valid judgment and will be set aside as a judgment.

Arbitrament and award. Judgments. Before Judge CRISP. Macon Superior Court. May Term, 1878.

Reported in the opinion.

S. Hall & Son; W. S. Wallace, for plaintiff in error, cited Code §§4242, 4249; 41 *Ga.*, 10; Harris' Supplement to Code, §424; Code, §5123; 28 *Ga.*, 345; 40 *Ibid.*, 710.

Hinton & Son; Hawkins & Hawkins, for defendant, cited Code, §4242; 11 *Ga.*, 453; 13 *Ibid.*, 217.

Jackson, Justice.

This was a motion to set aside an award of arbitrators. The parties agreed to submit a matter in dispute to arbitrators, there being no case pending in court at the time, and the award was made the judgment, not of the court where the arbitration was had and the award was rendered, but in another county where the defendant resided. The court granted the motion, on the ground that there was no authority of law to make such an award the judgment of that court, and error is assigned upon the judgment setting aside the award.

Section 4242 of the Code declares that the arbitrators "shall return the original award to the next superior court of the county where the award was made, and said award shall be entered on the minutes of said court, and shall have all the force and effect of a judgment or decree of said court," etc. To make this award valid as a judgment, it must go upon the minutes of the superior court of the county where it was made; this has not been done, and therefore the award is not good as a judgment, and therefore it was not error to set it aside. As this sustains the judgment of the superior court setting aside the judgment on the award, it is unnecessary to look further into this record for other grounds.

Judgment affirmed.