TOMPKINS *vs.* PHIPPS.

1. If a non-suit must necessarily have been awarded, although the reason assigned for its grant may have been wrong, yet the grant itself will be upheld.
2. Where an award on its face showed that it was rendered in Dougherty county, a *fi. fa.* could not issue from Baker superior court founded thereon. In a claim case arising under such a *fi. fa.*, these facts appearing from the plaintiff's evidence, a motion to dismiss the levy would be sustained. The court having granted a non-suit, and the effect being the same, the ruling will be affirmed.

Arbitrament and Award. Jurisdiction. Executions. Non-suit. Before Judge FLEMING. Baker Superior Court. May Term, 1881.

Reported in the decision.

WARREN & HOBBS; D. A. VASON; W. E. SMITH, for plaintiff in error.

A. L. HAWES; O. G. GURLEY; D. H. POPE, for defendant.

SPEER, Justice.

This was a claim case pending in the superior court of Dougherty county. Plaintiff in error, on the trial, read in evidence to the jury a *fi. fa.* issuing from the superior court of Baker county in favor of plaintiff *vs.* Littleton Phipps, dated 26th June, 1874, for the principal sum of seven hundred and eighty seven dollars and six cents principal, besides interest and costs, with the entry of

v 68—11

levies thereon, and proved the defendant in *fi. fa.* was in possession of the property levied on at the date of the *fi. fa.* and up to 1874 or 1875, at his death.   He also offered in evidence a certified copy of the award and judgment in the case, of which the following is a copy, upon which the *fi. fa.* issued:

"GEORGIA—Dougherty county:

ALBANY, June 20th, 1873.

In the arbitration between Littleton Phipps, E. Tompkins and H. J. Cook & Son, submitted to us as arbitrators, after hearing the evidence submitted to us, we award that there is a balance due to Eubanks Tompkins by Littleton Phipps, after payment and extinguishment of all demands against said Eubanks Tompkins in favor of Littleton Phipps, as submitted to us, the sum of eleven hundred and fifty-six dollars and seventy-eight cents, with interest from the first day of January, 1870, which said sum we award that the said Eubanks Tompkins recover of the said Littleton Phipps, together with all costs; and we further award, there is due, and owing to Hamlin J. Cook & Son, on account of advances made by them for said Eubanks Tompkins, on the faith of the rent of the place of said Eubanks Tompkins, in the hands of the said Littleton Phipps for the year 1869, the sum of three hundred and sixty dollars and thirty cents, and that the said Cook & Son recover of said Phipps the said sum, with interest from 20th September, 1869, and that the sum be a credit in their favor in the amount stated, balance in favor of Eubanks Tompkins, after deducting said sum due to said Eubanks Tompkins, to be recovered by him out of the said Littleton Phipps, the sum of seven hundred and eighty-seven dollars and six cents, with interest from 1st January, 1870.   As to compensation to us, as arbitrators for our service, we award ourselves the sum of one hundred dollars, each, to be divided and paid by the said Eubanks Tompkins and Littleton Phipps, respectively, which amount was agreed to by counsel for the parties as reasonable and just.                          RICHARD F. LYON,
JOHN A. DAVIS,<br>*Arbitrators."*

Plaintiff in *fi. fa.* having closed his case, counsel for claimant then moved for a non-suit, upon the ground that the *fi. fa.* in this case, does not follow the judgment in this, to-wit: that the award and judgment gave Tompkins a judgment *vs.* Phipps for $1,156.75, and the *fi. fa.* is

for a less sum, to-wit, the sum of $787.60; which motion was sustained by the court, and plaintiff excepted.

In the argument before this court, counsel for defendant insisted that the judgment of the court in non-suiting plaintiff was right, even though the ground upon which the same was rendered was error, because they allege by the record, it appears that the *fi. fa.* levied issued from the superior court of Baker county, and the award shows upon its face it was made in the county of Dougherty, and it does not appear that there was any case pending in Baker county to authorize it to be entered and made the judgment of the court in Baker county, from which the *fi. fa.* issued

Section 4242 of the Code provides: "After the arbitrators shall have made up their award, they shall furnish each of the parties with a copy thereof, and return the original award to the next superior court of the *county where the award was made,* and said award shall be entered on the minutes of said court." 61 *Ga., 72.*

From an inspection of this award, the same having been offered as the judgment on which the *fi. fa.* from Baker county issued, it appears that it was made in the county of Dougherty, and the statute required it be returned to, and entered and made the judgment of, the superior court of that county, and not of Baker county. Inasmuch as this point is fatal to the success of the cause of the plaintiff in error, as presented by this record, and must be fatal below, we can see no good reason to reverse the judgment complained of here, as set forth in the bill of exceptions, whether the ground upon which it was rendered was right or wrong. A reversal could not benefit him, if the record speaks the truth; and, therefore, without considering or adjudging the points made in the bill of exceptions, the judgment of the court below must be affirmed, on the ground that the record now before us discloses the fact that the award was made in the county of Dougherty, and the *fi. fa.* upon the same issued from

the superior court of Baker county, and hence the judgment below non-suiting the plaintiff was right.    It might have been more regular to have dismissed the levy, but the effect is the same.

Let the judgment be affirmed.