Richards v. Holt & Hall.

3. DEMURRER: admits only matter well pleaded.

REVERSED.

RICHARDS v. HOLT & HALL.

| 61 | 529 |
| 105 | 292 |
| 61 | 529 |
| 132 | 62 |

1. **Arbitration:** SUBMISSION OF EQUITABLE CONTROVERSIES. Under section 3416 of the Code, all controversies which might be the subject of a civil action, either at law or in chancery, may be submitted to arbitrators. Accordingly, it was *held* that the questions whether or not a certain place was kept as a nuisance, and whether or not it should be abated as such, were properly submitted to arbitration.

2. **Nuisance:** PER ALIA OR PER SE: ORDER OF ABATEMENT. Where it was determined that a certain hog lot was "so kept and used" as to create a nuisance, but not that it was a nuisance *per se*, the court was not authorized in wholly restraining the use of the lot for the purpose of feeding hogs; it should have enjoined only such use of the lot as would amount to a nuisance. *Faucher v. Grass*, 60 Iowa, 505, and *Shiras v. Olinger*, 50 Iowa 571, followed.

3. **Arbitration:** MAJORITY AWARD: NOT BINDING UNLESS AGREED TO. Unless the agreement to submit a cause to arbitration provides for an award by less than the whole number, or consent to a majority award is in a proper manner shown, all must concur, or the award will not be binding upon the parties.

*Appeal from Clark Circuit Court.*

· FRIDAY, SEPTEMBER 21.

The parties entered into an agreement of arbitration.

Upon an award in favor of plaintiff a decree was entered, from which defendants appeal. The facts of the case appear in the opinion.

*John Chaney* and *B. H. Mitchell*, for appellants.

*James Rice*, for appellee.

Beck, J.—I. The agreement of arbitration was in writing, and acknowleged in due form. · As it shows the controversy between the parties, the plaintiff's cause of action and the relief sought, it becomes necessary to set it out in full. It is in the following language:

"Whereas, the plaintiff, J. W. Richards, complains that the defendants, Holt & Hall, are guilty of erecting, maintaining and continuing and using a certain place known and used as a hog pen or feed lot, in which hogs are kept and fed; and further complains that said hogs are fed upon buttermilk carried in an underground drain from the creamery of Holt & Hall, in lot No. six (6), in block No. eight (8), in the town of Osceola, Iowa, to the aforesaid feed lot in lot No. five (5), in block No. five (5), town aforesaid, and that the said feeding is so managed and carried on, and is of such a nature that by reason of noxious exhalations, offensive smells and poisonous exhalations, the same has become injurous and dangerous to the health and comfort of the plaintiff and his family, who reside and live on lots No. 10, 11 and 12, in block No. five (5), in the town of North Osceola; and plaintiff claims that said place kept, used and maintained by Holt & Hall is a nuisance under the laws of the state of Iowa, and that plaintiff is entitled to an order of court abating the same, and an injunction restraining the continuance thereof. And whereas the above named parties are anxious to settle said difficulty without a suit at law, it is hereby agreed by both plaintiff and defendants that the subject matter of this controversy as above set forth be submitted to J. W. Holland, J. S. Baker, E. H. Wilson, E. Lawrence and D. K.

Douthett, citizens of Clarke county, Iowa, who are hereby authorized to find the facts and conclusions of law upon the matters above set forth, all of which are deemed denied by the defendants. And said arbitrators are specially authorized to find and report upon the location of said feed lot and its proximity to the residence of the plaintiff, how it is kept and used, and by whom, and whether or not it occasions noxious smells and exhalations or other annoyances, such as to be dangerous or injurious to the property, health or comfort of plaintiff and his family, and fully decide and find whether or not such place is a nuisance, or should be abated or restrained by law. And it is further agreed that the circuit court of the state of Iowa, in and for Clarke county, shall be authorized and empowered to render judgement upon the award or finding of the arbitrators, and for costs and all expenses of arbitration, etc., as fully and completely and with the same force and effect as if upon the verdict of a jury."

Four of the five arbitrators united in an award; the other did not concur, and, in fact, did not participate in the final trial or hearing after which the award was rendered. The material parts of the award are as follows:

1. "That we find the premises occupied and used as a feed lot for swine by defendants, Holt & Hall, as set forth in agreement to submit to arbitrators. The feed is mostly buttermilk, which is run through a three-inch pipe, made from cement and sand, which runs from creamery located as stated in the agreement, and emptying into tank which contains about nine barrels—tank having a pump by which milk is drawn when needed to feed swine. Said tank and feed lot located as set forth in agreement. Proximity to plaintiff's residence is twenty-four rods, in a northeasterly direction from said tank, and located as stated in agreement. We find that said tank, hog lot and drain are so kept and used as to occasion noxious smells and other exhalations and other annoyances, such as are dangerous and injurious to property, health and comfort of plaintiff and his family. We there-

fore find that said tank, drain and hog lot is a nuisance and should be abated by law."

A motion was made by defendants to set aside the award upon grounds that need not be here stated, which was over-ruled, and a decree was entered perpetually enjoining and restraining defendants "from maintaining, using or continu-ing to use" the feed lot, or place where the hogs were fed, the tank and underground drain described in the agreement of arbitration, as well as all "appliances or appurtenances" connected with the lot for the purpose of feeding swine on or about it. A judgment for costs was rendered. No claim for damages was made and no judgment therefor was rendered.

II. The defendants in their motion to set aside the award insisted that the agreement of submission did not confer upon the arbitrators jurisdiction to determine the issues between the parties. . The objection is renewed in the assign-ment of errors, and is based on the ground that the act com-plained of by the plaintiff, maintaining a nuisance, is a viola-tion of law, and is criminal in its nature, and is punished accordingly; that if plaintiff seeks to abate the nuisance by injunction, he should pursue that remedy in a chancery action, wherein arbitrators cannot be called upon to determine the issues therein involved; that as no damage is claimed, there is no issue at law in the case, and that the submission does not delegate to the arbitrators the authority to decide the questions determined by the award. These objections may be briefly disposed of.

Code, section 3416, provides that "all controversies which might be the subject of civil action may be submitted to the decision of one or more arbitrators." This court has held that the term "civil action," as used in this section, includes all proceedings, either at law or in chancery, except those which are of a criminal nature. *Tom-linson v. Hammond et al.*, 8 Iowa, 40. One maintaining a nuisance may not only be punished in a criminal proceed-ing, but a civil action at law to recover damages in a proper

1. ARBITRA-TION: sub-mission of equitable controversies.

case, and an action in equity to restrain the nuisance, may be prosecuted against him. Code, § 3331. *Ewell v. Greenwood*, 26 Iowa, 377.

There can be no doubt that an action in chancery to abate a nuisance by restraining its further maintenance may be prosecuted, without coupling with it a clause for damages. The injured party may waive his claim for damages, and seek only relief by abatement. The agreement of submission, in express language, empowers the arbitrators to determine whether or not the alleged nuisance should be abated.

III. The agreement of submission recites that plaintiff as a cause of action claims that the feeding of the hogs at the place described "is so managed and carried on, and is of such a nature," that it is a nuisance. The arbitrators are required by the agreement to determine the issue raised by this recital, and whether, if a nuisance be found, it should be abated. The arbitrators found that the hog lot and drain "are so kept and used" as to create a nuisance. It is not found that they are necessarily a nuisance—that either is a nuisance *per se*. It is not shown that they could not be so managed, and operations in connection with them could not be so conducted, that they would not injuriously affect plaintiff. Indeed, we are authorized to infer from the award that they could be. In this case, therefore, the court is not authorized to restrain the defendants from wholly using the feed lot and drain, but only to enjoin such use of them as will amount to a nuisance. *Faucher v. Grass et al.*, 60 Iowa, 505; *Shiras v. Olinger et al.*, 50 Iowa, 571.

2. NUISANCE: per alia or per se: order of abatement.

IV. One of the arbitrators did not unite in the final hearing of the case, and did not concur in the award. This was made a ground of the motion to set aside the award, and the objection is renewed in this court. It is clearly shown by the submission itself that the award is to be made and returned by all the arbitrators, and it is not shown by the record that the parties

3. ARBITRATION: majority award not binding unless agreed to.

consented that the award should be made by a majority, nor that objection upon this ground was renewed by defendants. It is a well settled rule that, unless the submission provides otherwise, or consent to a majority award is in a proper manner shown, all the arbitrators must concur in the award. Morse on Arbitration and Award, page 162, and cases cited; 6 Wait's Actions and Defenses, 531, § 11, and cases cited. The motion to set aside the award ought to have been sustained. Other questions involving the regularity of the proceedings before the arbitrators, as they will not arise upon a new trial, need not be considered. For the errors above pointed out the judgment of the circuit court is

REVERSED.