JOHN KELDERHOUSE

*v.*

EDGAR A. HALL *et al.*

*Filed at Ottawa January 25, 1886.*

1. PRACTICE—*mode of raising question on trial by the court.* Where a jury is waived and the cause tried by the court, and no objection is made to the admission of evidence, and no propositions of law presented to the court calling for a ruling of the court, this court can not inquire into the correctness of the rulings of the trial court.

2. If an award of arbitrators and the agreement of submission are admitted in evidence on a trial by the court without a jury, in order to raise the question as to the validity of the award the party objecting to it should prepare a proposition of law, and have the court pass upon the same, and the ruling thereon would then be subject to review on appeal or error.

3. PRIOR SUIT PENDING—*action at law for moneys in the hands of a receiver, pending a suit for a partnership accounting between the plaintiff and another.* The earnings of a vessel were placed in the hands of a receiver

pending a litigation, to be held for the party entitled thereto, and after the dismissal of the suit in which the receiver was appointed, one of the claimants of the fund sued the receiver in assumpsit for money had and received. It was *held*, that the pendency of a bill in equity by another against the plaintiff, for a partnership accounting in respect to the same subject matter, was no bar to the action at law. A recovery by the plaintiff in such case would be no bar to an adjustment of the partnership account.

APPEAL from the Appellate Court for the First District;—heard in that court on appeal from the Superior Court of Cook county; the Hon. S. M. MOORE, Judge, presiding.

Mr. WILLIAM H. CONDON, for the appellant.

Mr. DANIEL J. AVERY, and Mr. W. I. CULVER, for the appellees.

Mr. JUSTICE CRAIG delivered the opinion of the Court:

This was an action of assumpsit, brought by Edgar A. Hall, in the Superior Court of Cook county, against John Kilderhouse, to recover certain moneys earned by the schooner T. B. Pomeroy, while running on the lakes between Chicago and Buffalo. At the time the earnings were made the schooner belonged to Hall & McGrew, and a dispute arose between them in regard to the person entitled to the funds. A suit was pending in the Supreme Court of Erie county, New York, between Hall and McGrew, wherein Kelderhouse was appointed receiver, and while acting in that capacity the moneys came into his hands. This suit was, by agreement, dismissed on the 14th day of June, 1881, and a stipulation was executed, and assented to by Kelderhouse, that he should hold the money and pay it over to the person entitled to the same by the order of arbitrators who had been selected to settle the matters in controversy between Hall and McGrew. It seems that the arbitrators, or a majority of them, subsequently determined that the money belonged to Hall, and made an award directing Kelderhouse to pay over the money to him, but this order

he disregarded, and afterwards, upon receiving a bond of indemnity from McGrew, paid the money over to him. In the Superior Court a jury was waived, and a trial had, by agreement, before the court, which resulted in a judgment in favor of the plaintiff, to reverse which Kelderhouse appealed to the Appellate Court, where the judgment of the circuit court was affirmed, and defendant appealed to this court.

The record presents but a few questions of law for consideration. We will first consider the objections to the admission of evidence.

The award of the arbitrators, offered in evidence, was objected to on the ground that it was not the award of the umpire. This objection is not well taken. The matters in dispute were referred to two arbitrators selected by the parties, and in the submission it was agreed that if the two did not agree, they should select an umpire. The two selected did not agree, and they appointed an umpire, and the award was signed by one of the arbitrators and the umpire. This was clearly the decision of the umpire. He signed it as his award, and it was proper for one of the other arbitrators to sign the award with him. Indeed, where the submission provides for an umpire, the general rule requires the award to be signed at least by one of the arbitrators and the umpire. Morse on Arbitration and Award, page 163, says: "Where the submission is to two, with a provision that in case they can not agree a third is to be called in, it is an inevitable inference that the decision of two out of the three will be binding, and an award made by two will be upheld."

The order of two arbitrators upon the defendant to pay the money to Edgar A. Hall is also objected to, but we perceive no valid objection to the evidence.

It is claimed in the argument by appellant, that before the award of arbitrators was made McGrew revoked the agreement of submission, and that the award was not binding on either of the parties. After the award, and the submission

under which it was made, were admitted in evidence for the consideration of the court, if the award was illegal, and not binding because the agreement to submit had been revoked, or for any other reason not appearing on the face of the award, the question of its invalidity should have been raised by an appropriate instruction. If an instruction had been prepared and asked, the decision of the court in regard to the validity of the award might have been obtained, and that decision would have been subject to review on appeal or writ of error; but as the court was not called upon to rule in regard to the validity of the award, that question can not now be raised here. Had any defect appeared on the face of the award, such defect might have been raised when it was offered in evidence; but such was not the case. The award, upon its face, seemed to conform to the submission.

The record shows that it was admitted on the trial that McGrew had filed a bill in chancery, in the circuit court of Cook county, against Hall, for a settlement of partnership matters between them, which included the fund involved in this action, and that the suit is still pending. Under this admission it is urged that it was the duty of the court, sitting as a court of law, to leave the matters here involved for settlement in the chancery case, where an account could be properly stated. We perceive no merit in this position. This action was assumpsit, brought by Hall, claiming that the fund in the hands of Kelderhouse belonged to him, and no reason is perceived why a court of law might not settle that matter as well as a court of equity. After the money is recovered from Kelderhouse, if, on an accounting in a court of equity on the bill now pending between Hall and McGrew, it should turn out that McGrew is entitled to this money or any other unsettled matter growing out of a partnership transaction, if the parties occupy that relation, the court of equity may make a proper decree; but that right of McGrew does not militate against the right of Hall to maintain this action.

The question here is, whether Kelderhouse has money in his hands which belongs to Hall.

Some questions of fact have been discussed in the argument, but as controverted questions of fact are not reviewable here, they will not be considered.

The evidence before the court was amply sufficient to authorize the judgment, and as no error of law appears in the record, the judgment will be affirmed.

*Judgment affirmed.*

This record was assigned to Judge DICKEY, but he failed to prepare an opinion, and the cause was re-assigned at the November term, 1885.