## CHARLESTOWN.

STIRINGER *et al. v.* TOY *et al.*

Submitted September 9, 1889.—Decided September 14, 1889.

1. ARBITRATION AND AWARD.
    An agreement to submit a controversy to arbitrators, which provides that the award shall be entered as the judgment of the court, can not, under our statute, (chapter 108, Code,) be revoked by any party without the leave of such court.

2. ARBITRATION AND AWARD.
    An award, made under a submission to two arbitrators and an umpire to be selected by them, is valid, although it is signed by only one arbitrator and the umpire.

*W. B. Maxwell* for plaintiffs in error.

*A. B. Parsons* for defendants in error.

SNYDER, PRESIDENT:

On April 1, 1886, the two firms of Stiringer & Wotring and Toy & Clawges entered into a written agreement, by which, among other matters, they agreed to set aside a certain judgment for $300.00, and costs, recovered by Stiringer & Wotring against Toy & Clawges before a justice, and to submit the matters out of which said judgment had arisen "to the arbitrament and award of two arbitrators and an umpire, each party to choose one arbitrator, and the arbitrators so chosen to choose the umpire, and the award of said arbitrators to be entered up as the judgment of the Circuit Court of Tucker county, and be final." In pursuance of this agreement the two arbitrators were chosen by the parties, and they selected an umpire. The parties and the arbitrators

and umpire met and heard the evidence, and on December 30, 1886, the arbitrators determined upon the sum of $309.25 as the amount due to. Stiringer & Wotring, and agreed to announce the same on the next morning, but on the next morning, before the award was reduced to writing and signed, Toy & Clawges caused a notice in writing to be served upon the arbitrators to revoke their authority to act as arbitrators, and thereafter, on the same day, the said award was reduced to writing, and signed by one arbitrator and the umpire and delivered to the parties. Afterwards a summons was served on Toy & Clawges, requiring them to appear on the first day of the next term of said Circuit Court to show cause, if any they can, why said award should not be entered of record as the judgment of said court. The defendants, Toy & Clawges, filed their answer to said summons, in which they set up the facts hereinbefore stated, and insisted that, by reason of the notice to revoke the authority of the arbitrators before the award had been reduced to writing and signed, the said award was a nullity, and no judgment could be entered thereon. The court held that the facts alleged in said answer were insufficient, and on September 9, 1887, it entered judgment in favor of the plaintiffs against the defendants upon said award for the said sum of $309.25 and costs.

To this judgment the defendants, Toy & Clawges, obtained this writ of error.

The only error assigned is that the court erred in entering judgment upon said award, and the only ground alleged to sustain said assignment is that the power of the arbitrators had been revoked before they had pronounced their award, and before they had reduced the same to writing. Our statute provides "that persons desiring to end any controversy, whether there be a suit pending therefor or not, may submit the same to arbitration, and agree that such submission may be entered of record in any court. * * * No such submission entered, or agreed to be entered, of record in any court, shall be revocable by any party to such submission without the leave of the court." Sections 1, 2, c. 108, Code. The submission in this case was under this statute, and according to the express terms of the statute it was not revocable without the leave of the court. It is not

pretended that such leave was ever asked, much less granted by the court, and therefore the notice to the arbitrators by Toy & Clawges, and their attempt to revoke the submission, amounted to nothing. The court, consequently, did not err in disregarding said attempted revocation.

It is suggested that the award is void because it is not signed by all the arbitrators. The submission was to two arbitrators and an umpire. This mode of submission necessarily implies an authority to two to make an award. To require the award to be signed by all would involve a manifest absurdity. The office of an umpire is to decide between the arbitrators in case they disagree. If the object of the submission was to have the concurrence of the two arbitrators chosen by the parties, then the provision for an umpire was a useles formality. *Battey* v. *Button*, 13 Johns. 187.

I am clearly of opinion that there is no error in the action and judgment of the court, and that the same should be affirmed.

AFFIRMED.