SAVANNAH, F. & W. RAILWAY CO. *v.* DECKER & FAWCETT.

1. Where it is manifest from the terms of a reference that the word "arbitrators" was applied to the umpire as well as to the two arbitrators named, an award signed by one of the named arbitrators and the umpire, followed by a dissent therefrom signed by the other named arbitrator, is within the terms of the reference, so far as being the award of the arbitrators is concerned.
2. The dissenting arbitrator having made no suggestion that he did not participate in the selection of the umpire, and having put

his dissent upon a wholly different ground, his assent to the selec·
tion is matter of necessary implication.

3. Where a pending action was, by an agreement in writing between
the parties, submitted to the judgment and award of two named
persons, one of whom was chosen by the plaintiff and the other
by the defendant, the submission providing that the arbitrators so
chosen should have " the right, if they deem necessary, to call in
an umpire," and "that when said arbitrators shall agree upon an
award, the same shall be by them, or either of them," returned to
the court in which the action was pending and made the judg-
ment thereof; and afterwards, an award was made and filed in
court, signed by one of the arbitrators and another person who
had been selected as umpire by both arbitrators, to which there
was a dissent signed by the other arbitrator, and no exceptions
to the award were made by the losing party, it was the right of
the party in whose favor the award was thus given, to enter up a
judgment on the same; and where this was not done at the next
term of the court after the award was filed, it could be done at a
subsequent term, *nunc pro tunc.*

July 16, 1894.

Motion to enter judgment. Before Judge MacDonell.
City court of Savannah. July term, 1893.

Decker & Fawcett sued the railway company to the
May term, 1891, of the city court, for failure of defend-
ant to safely carry and deliver to plaintiffs certain cot-
ton. The parties agreed in writing to submit the con-
troversy to the judgment and award of Dancy chosen
by plaintiffs, and Warren chosen by defendant, " said
arbitrators so chosen having the right if they deem nec-
essary to call in an umpire "; that " when said arbitra-
tors shall agree upon an award," the same should be by
them or either of them returned to the court and made
the judgment thereof in accordance with the statute.
This submission was filed in the clerk's office. The fol-
lowing award was made: " The undersigned having
selected John C. Rowland as umpire, after having heard
the evidence and argument in the case, award and judge
the plaintiffs recover nothing." This was signed by
Rowland " umpire," and Warren " arbitrator." It was
accompanied by the following: " I dissent from the

above award, as I believe the bills of lading in the hands of innocent holders, even if fraudulently issued by an agent, should bind transportation companies under the laws of Georgia"; signed by Dancy " arbitrator." The award was filed in office October 6, 1891. At the July term, 1893, of the court, the defendant moved that the award be received and an order be passed authorizing the entry of a *nunc pro tunc* judgment thereon. Plaintiffs resisted this motion and objected to the validity of the award, claiming that it should have been made the judgment of the court at the next term after it was rendered; and that it was not valid because not made by three arbitrators, but only by one arbitrator and an umpire, and the umpire was not an arbitrator. Plaintiffs have not, since the rendition of the award, made any objections under oath to its invalidity, nor at any time filed any of the evidence produced before the arbitrators; and on the hearing of the motion to enter *nunc pro tunc* judgment, did not question the validity of the award on the ground either that the submission did not state what the duties and powers of the umpire were, or on the ground that it did not expressly appear that the umpire was called in by both arbitrators. Defendant's motion to enter judgment was overruled, and at the same term it moved to set aside the judgment overruling said motion. This also was overruled, and defendant excepted.

ERWIN, DUBIGNON & CHISHOLM, for plaintiff in error.
GARRARD, MELDRIM & NEWMAN, *contra*.

SIMMONS, Justice.

1. The plaintiffs brought their action in the city court of Savannah against the railway company for an alleged failure by the defendant to carry and deliver safely certain cotton, by reason of which failure the cotton was lost to the plaintiffs. Pending the suit the parties

agreed to submit the matter in controversy to arbitration. In the submission two arbitrators were named, one chosen by the plaintiffs and the other by the defendant, who were empowered to choose an umpire, and it was agreed that when the arbitrators should agree upon an award, it should be returned by them, or either of them, to the city court of Savannah, and made the judgment thereof, in accordance with the statute in such cases made and provided.

It is clear to our minds from the terms of this submission that the word "arbitrators" was applied to the umpire as well as to the two arbitrators named. There was no use for an umpire if the submission required the two arbitrators named by the parties to agree. It contemplated, by the power given the arbitrators to select an umpire, that if the two persons selected should disagree, one of them and the umpire should make the award; and in our opinion, when one of the arbitrators and the umpire agreed and signed the award, and the other arbitrator dissented, the award was within the terms of the reference, so far as being the award of the arbitrators was concerned.

2. It was insisted, however, that nothing appeared to show that the dissenting arbitrator had ever agreed to the selection of the umpire, and therefore the award was void. The dissenting arbitrator made no suggestion in his dissent that he did not participate in the selection of the umpire, but put his dissent upon a wholly different ground. Having participated in the hearing of the controversy and making no dissent on the ground that the umpire had not been properly selected, his assent to the selection will be inferred.

3. Under the facts stated above and others to be found in the official report, the award made by one arbitrator and the umpire was legal, and when it was filed in court and no exceptions were made by the losing party, it was

the right of the party in whose favor the award was made, to enter up judgment on the same; and where this was not done at the next term of the court after the award was filed, it could be done at a subsequent term. *nunc pro tunc.*                     *Judgment reversed.*