## TRAIN *et al.* v. EMERSON.

1. Where a statutory submission is made to arbitrators, after making an award it is their duty to return it to the next term of the proper court.

2. Where a submission to arbitrators was made under the statute (Civil Code, § 4486 et seq.), and they made an award, but did not return it to the superior court to which it was properly returnable for eleven months, during which time three terms of court intervened, and fourteen months thereafter the party in whose favor the award was made filed a motion to have a judgment nunc pro tunc entered on it, there was no error in denying such motion.

JUNE 16, 1910.

Motion to enter award. Before Judge Charlton. Chatham superior court. July 28, 1909.

*O'Byrne, Hartridge & Wright,* for plaintiffs.

*Cann, Barrow & McIntire,* for defendant.

LUMPKIN, J. On July 24, 1906, an agreement was made to submit a controversy to arbitrators under the statutory provision contained in the code. On May 28, 1907, two arbitrators and an umpire (called also an arbitrator, though chosen by the other arbitrators) qualified. On the same day they made an award. This was not filed in the superior court until April 25, 1908. On June 24, 1909, the parties in whose favor the award was made filed a written motion to have it "now received, and that an order be passed authorizing the entry of a judgment nunc pro tunc." The other party to the award objected to the grant of the motion, on the grounds, among others, that the award was not returned to the superior court within the time prescribed by law; that the movants were guilty of laches in failing to move sooner; and that to permit a judgment to be now entered would be inequitable and work a hardship on the defendant. The presiding judge denied the motion to enter a judgment nunc pro tunc upon the award, and the movants excepted.

This was a statutory arbitration under the Civil Code of 1895, §§ 4486 et seq. No litigation was pending. The question is, whether the arbitrators were required to return the award to the next term of the superior court of the proper county. § 4503. The provisions of the code on the subject of such statutory awards are derived from the act of 1856 (Acts 1855-56, p. 222), amended by the act of 1876 (Acts 1876, p. 38). The former act provided that "After said arbitrators have made up their award they shall furnish a copy of the same to each of the parties, and shall return the original award to the next superior court of the county where the award is made," etc. This provision was codified in section 4242 of the Code of 1873. The act of 1876 stated in its title that it was "an act to define in what court awards provided to be entered on the minutes of the superior court under section 4242 of the Code of 1873 shall be entered." It declared, that, "Whenever a case of any kind, pending in any court in this State, shall be referred to arbitration, the award made upon the same shall be entered on the minutes of the superior court where suit is pending;

and in all cases where a matter of dispute not involved in litigation is referred to arbitration under section 4225 of the Code of 1873, the award upon the same shall be entered on the minutes of the superior court of the counties where the parties reside against whom the award is rendered if residents of the State, and if not such resident, in the counties where the award was made." It will be observed that the only purpose of this act was to provide in what court awards should be entered. It changed the provision for returning the award to the superior court of the county where it was made, and made another provision as to the court of the return; but it did not deal with the time when the return should be made to the proper court. *King* v. *Davidson,* 69 *Ga.* 708, 712. Under the act of 1856, the necessity for making the return to the next term of the superior court after the award was made was recognized in *Green* v. *Shields,* 37 *Ga.* 35; but it was held that when an award was made the judgment of the court at an adjourned term, after notice given to the defendant between the regular and the adjourned term, such notice was sufficient. In *Chisolm* v. *Cothran,* 40 *Ga.* 274 (decided in 1869), it was held that an award might be returned at the next superior court after it was made, whether such term was a regular or an adjourned term. In *Marshall* v. *Hicks,* 61 *Ga.* 73, the duty of making the return to the next superior court was again recognized; and the decision in *Tompkins* v. *Phipps,* 68 *Ga.* 157 (decided after the passage of the act of 1876, though not dealing with it), quotes from the opinion in the *Marshall* case.

When the Code of 1882 was compiled, the provisions of the act of 1876 were embodied in section 4242 (a). Nothing was said in the section so made as to the time of the return. It is contended that the omission of a direct statement that the return should be made to the next term of the court operated as a repeal of that requirement. The Code of 1882 was not formally adopted by the legislature; but that of 1895, which contains the same provision (§ 4503), was adopted. Provisions in conflict with such section and not contained in the code would give way to it; but the question remains whether the requirement of a prompt return of an award is in conflict with the section last cited. From what has been said above it will be seen that it was not the intention of the legislature by the act of 1876 to deal with the time of making

the return, but only with the court to which it should be made, and section 4503 of the Code of 1895 does no more than this. Either there is some requirement as to when a return of an award should be made or there is none. If it was the intention of the codifiers and of the legislature, by the section to which reference has been made, to remove all restrictions or requirements as to the time of making the return, then it might be made at any indefinite time after the award was agreed upon. If this was the legislative purpose, how could parties know when they would have to file exceptions? Section 4504 has as its subtitle the words, "Frauds may be suggested at the return term." These titular words would not operate to change positive law, but they throw some light upon the view entertained by the codifiers that the preceding section, which has as its subtitle the words, "Award, where returned," did not destroy all requirements as to the time when the return should be made. Section 4504 declares that when the award shall have been returned and entered on the minutes of the court, "either of the parties may suggest, on oath, at the term to which said award is returned, that the award was the result of accident, or mistake," etc. Here was a requirement that the objections to the award should be filed on oath at the term to which it was returned. But if there were no term to which it was returnable, the arbitrators might hold it in their possession for years, and the parties might be required to watch the records throughout each term of the court, lest at some time when they were off their guard the award might be filed and become conclusive by a failure on their part to file objections during the term. There is no reason to believe that either the codifiers or the legislature contemplated that any such result should arise from the act of 1876 and its codification, although it did not in express terms require the return to be made to the next term. An examination of the various sections of the code on the subject of statutory awards will show that the legislature contemplated promptness throughout, and did not anticipate that any indefinite delay should be made. In section 4489 it is declared that the arbitrators shall appoint a time and place of meeting "which shall be as soon as practicable, consistent with a proper preparation of the case." Section 4493, in authorizing postponements by the arbitrators, states that "the arbitrators may postpone the hearing of the case to a future day, which day shall

be as early as may be consistent with the ends of justice." Section 4504, after providing for objections to the award at the term when it is returned, also declares that if they are made, the court shall cause an issue to be made up and tried, "which trial shall be had at the same term of the court at which the suggestion is made, unless good cause be shown for a continuance, when the same may be continued for one term only, except for providential causes." Thus the entire legislative scheme of statutory awards which shall become judgments binding upon the parties and enforceable by execution contemplates promptness, not delay. It would be extraordinary if they should intend that everything should be promptly done except the return of the award, and that by the adoption of a section of the code dealing with the court to which the return should be made they intended to repeal all requirements as to promptness in regard to its making. In *McMillan* v. *Allen,* 98 *Ga.* 405, 408 (25 S. E. 505), Atkinson, J., said that the object designed to be accomplished by the code in requiring that copies of awards should be furnished to each of the parties by the arbitrators was "to enable the parties, if for any reason dissatisfied with the award, to move promptly in the matter of attacking it and causing it to be set aside." But it is evident that such a purpose would avail little if the parties should be furnished with copies of the award but the original should not be required to be returned into court promptly, so that they could promptly attack it. In *Savannah &c. Ry. Co.* v. *Decker & Fawcett,* 94 *Ga.* 149 (21 S. E. 372), there was no question as to the time when the return should be made; but having been made apparently in due time, it was held that a judgment nunc pro tunc might be entered at a term subsequent to the filing.

No question here arises as to what would be the rights or remedies of a party, if arbitrators should delay in returning the award, but such party should act promptly in seeking to require them to make the return. Nor is the question of the validity of a common-law award involved. Here there was a lapse of eleven months from the date of the award to its filing in the clerk's office (during which interval there were three terms of court), followed by an interval of fourteen months before any motion was made in regard to it. The presiding judge did not err in declining to grant the motion made.　　　*Judgment affirmed. All the Justices concur.*