Grafton,
April 5, 1921.

CARRIE CLARK CUTLER CHUTTER v. ISRAEL C. RICHARDSON.

Upon a reference by the court to three referees under Laws 1917, c. 140, a decision by a majority is binding where such was the intention of the parties. Whether in the absence of evidence of such intention a decision by a majority of such a board is binding, *quære*.

TRESPASS, *quare clausum*. The alleged trespass consisted in the setting of certain posts to support an awning erected by the defendant. The only question in controversy was the boundary line between the parties. The action was referred to three referees, Hazen, Richardson and Gile. Richardson was a surveyor who had made surveys and run out the line as claimed by the defendant, and drawn plans to sustain his survey. Gile was also a surveyor who had performed similar services for the plaintiff. Hazen understood he was to act as single referee and to pass upon the methods used and the results obtained by his associate referees. He accordingly after hearing made report of his findings. Upon motion, this report was recommitted with directions to report (1) whether either or both of the other referees agreed thereto, with the direction that the referee or referees agreeing thereto should sign the same, and for other findings. After further hearing Hazen and Gile filed a report in which they found for the plaintiff and assessed damages at $10; they also found upon incompetent evidence that the Chutter block was built by Mrs. Chutter's predecessor in title but that they could not find upon the evidence that it was built upon what was agreed between the parties as the true line between them. Richardson also filed a report as referee, finding for the defendant.

Thereupon the defendant moved to set aside the report of the two, Hazen and Gile, because it was against the weight of the evidence and because the finding as to the erection of the Chutter block was made upon incompetent evidence. This motion was denied and judgment ordered for the plaintiff upon the majority report, and the defendant excepted. Transferred by *Kivel*, C. J., from the January term, 1920, of the superior court.

*Harry L. Heald*, for the plaintiff.

*Sullivan & Daley* and *Ira W. Thayer*, for the defendant.

PARSONS, C. J.   The failure to find that the Chutter block was built on an agreed line renders the finding who built it immaterial. A verdict is not set aside for the admission of evidence to prove a point which the course of the trial renders immaterial.   *Smith* v. *Morrill*, 71 N. H. 409, 410.   The contentions urged in the superior court in support of the defendant's motion to set aside the report that it was against the weight of the evidence and partial, if by that is meant produced by passion or prejudice, presents nothing for this court.

"It is well settled that where a submission by parol or in writing is made by private parties to a given number of persons, without any express authority, given or to be inferred from the manner or circumstances of the submission, that a smaller number may decide, an award or decision will be void unless made by all."   *Eames* v. *Eames*, 41 N. H. 177, 181.   Upon the ground so stated by Judge *Fowler* the defendant now contends that the report signed by two only of the referees is void.   This is evidently an after-thought, as this claim was not made in the superior court.   It is doubtful whether the objection is open to the defendant at this stage of the case.   A convenient and just practice would seem to require that the question should be raised in the superior court where any facts either party might consider essential to the determination of the legal question raised could be found and reported with the ruling of the court.   But the question seems so free from doubt upon the record as it stands that it is disposed of without the delay of procedure through the superior court, which justice might otherwise require.

In a submission to two or more arbitrators each of the arbitrators acts as agent of each of the parties joining in the submission.   If the authority is joint it must be jointly exercised.   But this was not a submission to arbitration but a reference by the court under statutory authority.   Laws 1917, *c.* 140.   The referees would seem to be an official board acting not as agents of the parties but by authority of law in the execution of justice.   *Patterson* v. *Leavitt*, 4 Conn. 50, 52, 53; Co. Lit. 181*b*; *Farwell's Petition*, 2 N. H. 123, 124.

But if it be assumed that Hazen, Gile and Richardson were arbitrators, it does not necessarily follow that the award by two of them is void.   It is "the general rule of the common law, that where an authority is given to two or more persons to do an act, the act is valid to bind the principal only when all of them concur in doing it.   But the rule is not so rigid as to overcome the apparent intent of the parties, if the language used can fairly be so construed as to carry out

their intention.    (Story Agency, *s.* 42)."    *Burleigh* v. *Ford*, 61 N. H. 360, 361.

In *Battey* v. *Button*, 13 John. 187, there was a submission to two with authority for the two in case they did not agree to call in a third. This was done and an award made, signed by the third and one of the original arbitrators.    It was objected that the award was invalid because it was not signed by all the arbitrators.    The court say: "This mode of submission necessarily implies an authority to two, to make an award.    To require the award to be signed by all, would involve a manifest absurdity."

In the instant case, Richardson and Gile had investigated the question in dispute, made surveys, drawn plans and laid down the disputed boundary for their respective clients.    They were qualified to act as witnesses, experts, and advocates, and it can be inferred they did so act:    They were each disqualified to act as referees. When the parties referred the controversy to the two and a third, they could not have expected the three to agree.    The question was who was right, Richardson or Gile.    There was evidence sustaining Hazen in his conclusion that he was to act as single referee.    The most the parties could have anticipated was that Hazen and the surveyor with whose views he coincided would agree.    A decision by a majority and none other must have been contemplated by the parties.    This being so, such a decision was authorized by the submission and is valid.    Whether in the absence of the special facts which dispose of the present case a unanimous decision is essential in the case of referees appointed under the statute is not considered.

*Exceptions overruled.*

All concurred.