LE ROY TWAIT, appellee, v. FARMERS MUTUAL HAIL INSURANCE COMPANY OF IOWA, appellant.

No. 49389.

(Reported in 91 N.W. 2d 575)

July 28, 1958.

Dudley Weible, of Forest City, for appellant.

Breese & Cornwell, of Mason City, and Nels Branstad, of Forest City, for appellee.

GARFIELD, C. J.—This appeal from an interlocutory ruling, granted by us under rule 332, Rules of Civil Procedure, presents the question whether, under the facts of the case, an arbitration award is invalid because made by only two of three arbitrators. We must disagree with the trial court's ruling the award is invalid upon this ground.

Plaintiff, a farmer, brought this law action against defendant, insurance company, to recover for damage to his crops from hail. Division II of defendant's answer alleges the policy and a subsequent agreement of the parties provide for arbitration of the loss, such arbitration was had, a written report of the amount of loss was signed by the appraiser appointed by defendant and the "umpire" agreed upon by the two appraisers appointed by the respective litigants, and defendant is not indebted to plaintiff in excess of the amount so reported.

Plaintiff's reply seeks to avoid the award upon different grounds. One is that the appraisers appointed by the litigants in the subsequent agreement did not agree upon the award.

The parties stipulated that the equitable issues raised by Division II of the answer and plaintiff's reply thereto should be heard in equity before trial of the main case. After testimony was taken the trial court ruled "the agreement to arbitrate nowhere provides for or consents to less than a unanimous award. It is the long and well established rule in Iowa that unless the submission provides otherwise, or consent to a majority award

is in a proper manner shown, all arbitrators must concur in the award." Since the arbitrator appointed by plaintiff did not agree to the award the court held it invalid.

Our order granting an appeal from this ruling, upon defendant's application, provides "The appeal shall be confined to the question decided * * * in said interlocutory ruling." We deem it clear the question referred to is whether the arbitration award is invalid because the arbitrator named by plaintiff did not agree to it. This opinion is therefore confined to that question.

The policy sued upon provides with regard to arbitration:

"In lieu of settlement by the above created commission, the member may choose to arbitrate and may so notify the adjuster, or * * * the Company * * * of such desire; in either event he and the Company shall then enter into a written agreement in which the member chooses one arbitrator and the representative of the Company one, and the two so chosen shall if necessary choose a third. They shall proceed to settle the claim according to statute. The member and the Company shall each pay one half of the expense of such arbitration."

The agreement of the litigants made after plaintiff's loss occurred states:

"IT IS HEREBY AGREED, by and between the FARMERS MUTUAL HAIL INSURANCE COMPANY OF IOWA * * * and _____ _____ of _____, insured under Policy No. 425558 with the Company, as follows:

"1. After inspection, the undersigned adjuster(s) and the Insured, failing to agree as to the amount of crop loss by hail, which occurred on or about July, 1955, now agree to submit said loss to appraisers for determination of the amount thereof, as provided for under the Provisions and Insuring Agreements of the policy and the Insured waives written notice.

"2. The Company hereby names Ed Drey of _____ as its appraiser.

"3. The Insured names Ralph Ryerson of _____ as his appraiser * * *.

"4. As provided by the Appraisal Provision in the policy,

each appraiser shall be paid by the party selecting him, and the expenses of appraisal and umpire shall be paid by the parties equally.

"Signed this 14 day of July, 1955.

FARMERS MUTUAL HAIL INSURANCE COMPANY OF IOWA

By MYRON TALLMAN & CROWLEY, Adjuster

LE ROY TWAIT, Insured"

Drey and Ryerson, named in this agreement, agreed upon one Fisher as the third arbitrator or umpire. These three inspected plaintiff's fields of soybeans, oats and corn, damaged by the hail, and discussed the amount of his loss therefrom. Drey and Fisher agreed upon the amount of loss, but Ryerson, the appraiser named by plaintiff, thought it was too low and refused to sign the report of appraisers in which they found plaintiff's crops damaged to the amount of $395.

The law seems to be quite well settled that where a controversy of a private character is submitted to the decision of several persons, the finding or award of such persons, to be valid, must be concurred in by all unless, by express terms or by fair implication, a decision by less than the whole number is contemplated by the parties to the submission. The annotation in 77 A. L. R. 838 cites many decisions in support of this rule. Virtually the same statement is made in 3 Am. Jur., Arbitration and Award, section 118.

It is true neither the policy nor subsequent agreement here provides in express terms for a decision by two arbitrators. But we think these instruments by fair implication do provide for such a decision.

The annotation, supra, at page 849, states: "In numerous cases, while a majority award has not been expressly provided for by the parties, the terms of the submission have been such that it has been held that, by fair implication, the parties must have intended that a majority award should be valid. One of the most common situations in which this construction has been adopted is where it is agreed that a question shall be submitted to an even number of persons, and that in case they cannot agree they are to choose another."

■ 3 Am. Jur., Arbitration and Award, section 118, page 943, says: "The fact that two arbitrators are chosen, with power to select a third, does not change the rule requiring a unanimous award. But where it is agreed that a question shall be submitted to an even number of persons, and that in case they cannot agree, they are to choose another, the decision of a majority is valid, for it is evidently the intention of the parties in this way to break the deadlock * * *." To like effect is the note Ann. Cas. 1916B 808, 809.

6 C. J. S., Arbitration and Award, section 67a(2), page 208, states: "* * * although the agreement to submit to arbitration does not specifically provide for a decision of the majority, such authority will be inferred from a provision for the selection of a special arbitrator who is authorized to act only upon disagreement of those originally appointed."

■ This policy provides that the two arbitrators chosen by the respective litigants shall *if necessary* choose a third arbitrator. The subsequent agreement refers to this third person as umpire. Evidently the litigants intended the agreement for arbitration should accomplish its object and that an award was to be made in any event. If, as plaintiff contends, the three arbitrators must agree upon the award, the function of the third man was merely to try to persuade the two named by the litigants to agree with him. It is a more reasonable construction of the policy and subsequent agreement that the parties thereto considered the third man an umpire to decide between the two arbitrators first named if they could not agree. This would accomplish the object the parties had in mind. If the first named two could agree, the appointment of the third man would not be necessary.

We think this case is like those where a majority, not a unanimous, award is held to have been contemplated from a provision for the appointment by the parties of two arbitrators who are to name a third if they cannot agree. Such decisions include Hobson v. McArthur, 41 U. S. (16 Peters) 182, 192, 193, 10 L. Ed. 930, 934; Savannah, F. & W. Ry. Co. v. Decker & Fawcett, 94 Ga. 149, 21 S.E. 372; Kelderhouse v. Hall, 116 Ill. 147, 4 N.E. 652, 654; Grand Rapids & I. R. Co. v. Jaqua,

66 Ind. App. 113, 115 N.E. 73, 76; Fish v. Vermillion, 70 Kan. 348, 78 P. 811; Chutter v. Richardson, 80 N. H. 116, 113 A. 770; Sukonik v. Shapiro, 333 Pa. 289, 5 A.2d 108; Rosenbaum v. Drucker, 346 Pa. 434, 31 A.2d 117; Stiringer v. Toy, 33 W. Va. 86, 10 S.E. 26.

In Savannah, F. & W. Ry. Co. v. Decker & Fawcett, supra, the parties agreed to submit the controversy to two arbitrators chosen by them respectively, " 'said arbitrators so chosen having the right if they deem necessary to call in an umpire.' " The two first named evidently selected an umpire, the three considered the matter and one of the arbitrators and the umpire agreed upon an award which was upheld in this language (page 152 of 94 Ga., page 373 of 21 S.E.) : "There was no use for an umpire if the submission required the two arbitrators named by the parties to agree. It contemplated, by the power given the arbitrators to select an umpire, that if the two persons selected should disagree, one of them and the umpire should make the award; and in our opinion * * * the award was within the terms of the reference * * *."

Much to the same effect is Stiringer v. Toy, supra, 33 W. Va. 86, 88, 10 S.E. 26, where the two arbitrators named by the parties chose an umpire, the three met and heard the evidence and one arbitrator and the umpire signed the award. The opinion stated: "The office of an umpire is to decide between the arbitrators in case they disagree. If the object of the submission was to have the concurrence of the two arbitrators chosen by the parties, then the provision for an umpire was a useless formality."

Sukonik v. Shapiro, supra, 333 Pa. 289, 5 A.2d 108, holds the parties agreed by fair implication, to be gathered from the submission and attendant facts, that the award should be made by a majority of the arbitrators. The agreement provided for appointment of one arbitrator by each of the parties and a third *disinterested* person by the two disputees. The two first named were the respective attorneys for the parties and were of course partisan, "Clearly, therefore, the submission must have contemplated an award by only two of the arbitrators." (Page 292 of 333 Pa., page 110 of 5 A.2d.)

We regard it as unimportant here that the arbitrators named by the litigants agreed upon the third man before they inspected plaintiff's crops and before their inability to agree upon the amount of the loss became a certainty.

As previously explained this was the situation in Savannah, F. & W. Ry. Co. v. Decker & Fawcett and Stiringer v. Toy, both supra. The litigants could hardly have expected an agreement upon the amount of the loss between the two first named. Drey was an employee of defendant and Ryerson was a good friend and fishing companion of plaintiff—they were away fishing at the time of the first hailstorm. The intent of the litigants is to be gathered from the terms of the policy and subsequent agreement and their appointment of Drey and Ryerson rather than from acts of the arbitrators.

Our conclusion does not conflict with Richards v. Holt & Hall, 61 Iowa 529, 534, 16 N.W. 595, 597, and other precedents cited by plaintiff. In the Richards case the litigants named five arbitrators to whom the dispute was submitted and there was no indication an award by less than all was contemplated. We held an award by four of the arbitrators was invalid. The opinion states: "It is a well settled rule that, unless the submission provides otherwise, or consent to a majority award is in a proper manner shown, all the arbitrators must concur in the award." The ruling appealed from here contains virtually this same language.

We find no fault with the quoted statement but disagree with the view that the policy and subsequent agreement do not provide for less than a unanimous award. As we have tried to make clear, we think by fair implication they contain such provision.

The interlocutory ruling appealed from, made May 11, 1957, is reversed and the cause is remanded for further proceedings not inconsistent with this opinion.—Reversed and remanded.

OLIVER, HAYS, THOMPSON, LARSON, and PETERSON, JJ., concur.

BLISS, J., takes no part.