## Lee vs. Parry.

The apportionment of a school tax among the taxable inhabitants must be made by all of the trustees, or by two of them the other being present, or the warrant for its collection will be void.(a)

Error to the Onondaga common pleas. Lee sued Parry in a justice's court in February, 1845, in trespass *de bonis asportatis*. Plea not guilty. The property was taken and sold on a warrant signed by the defendant and one Olcott, as trustees of a school district, for a tax against the defendant. On the 7th of October, 1844, a district meeting had voted that five cords of wood for the school house should be procured and paid for by a tax on the district; and a tax list and the warrant referred to were made out for that tax, the plaintiff, a taxable inhabitant of the district, being assessed $1,18. The defendant, Olcott, and one Hulbert, were the trustees of the district. The manner of making out the tax list and warrant was as follows: The collector drew the warrant, and the defendant apportioned the amount as in the tax list, and took the list and warrant to

---

(a) See *Doughty* v. *Hope*, (3 *Denio*, 594.)

Olcott, who signed it with the defendant, but Olcott did nothing relating to making the assessment. The other trustee was not consulted. The warrant was renewed before the property was taken, by the defendant and Olcott, the town superintendent also uniting in the renewal. There was evidence raising other questions, not material to be stated. The justice rendered a judgment for the plaintiffs, which was reversed on *certiorari.*

*Wilkinson & Bagg,* for the plaintiff in error, among other points, insisted that the warrant was void, because the assessment was made by one, or at most by two of the trustees, the other not having been consulted in the business.

*H. J. Sedgwick,* for the defendant in error.

*By the Court,* BEARDSLEY, J.    Upon this return there is no room to contend that this tax was assessed and apportioned upon the district by the three trustees, or by two of the three when they were all together. It seems to have been, substantially, the act of the defendant and the collector; but if it were granted that the signing of the warrant by the defendant and Olcott, when together, made the assessment their act, as well as the warrant, still this would not aid the case, for the other trustee had not seen the warrant or been at all consulted on the subject. I see no way to avoid this difficulty, even if all others could be surmounted. The district had not voted any specific sum, and the act of liquidating the true amount under the act of 1841, (*Laws* 1841, *p.* 238, § 14,) and apportioning it as the law requires, could only be done when the three trustees were together, although it then might be done by two of the three.    (2 *R. S.* 555, § 27.)

The judgment of the justice was correct, and should not have been reversed.

Judgment of the common pleas reversed.