(Decided 22nd June, 1875.)

LUCRETIA ·HARRYMAN *vs.* AMOS A. HARRYMAN.

*Arbitration and Award—An Award to be binding, must be Unanimous, unless otherwise provided in the Submission—Effect of a Dissension among Arbitrators.*

Where matters of dispute are submitted to arbitration, the award to be bind- ·ing must be concurred in by all of the arbitrators, unless it be otherwise provided in the submission.

Where, from a dissension among arbitrators the award fails, the reference is at an end unless renewed by agreement of the parties, and the Court has no power unless given by statute or the agreement of the parties, to appoint new arbitrators; and ordinarily it has no power to refer the matter back to the same arbitrators, after setting aside their award, unless such power be one of the terms of the submission.

A clause in a submission to arbitrators providing that "in the event of either of the parties disputing the validity of the award, or moving the Court to set it, or any part of it, aside, the Court shall have power to remit the

matters referred, or any of them, to the reconsideration and determination of the arbitrators making such award," is unavailing, where the arbitrators do not agree, as it would be utterly futile to remit the matters of reference to the same arbitrators, when it is apparent that they do not agree and that the reference must ultimately fail.

APPEAL from the Circuit Court for Baltimore County, in Equity.

This was an appeal from an order of the Circuit Court, setting aside an award which had been made in the cause, and directing the cause to be re-instated. The case is stated in the opinion of this Court.

The cause was argued before BARTOL, C. J., STEWART, BRENT and ALVEY, J.

*D. G. McIntosh,* for the appellant.

" When the arbitrator or referee has made, or as it is said in some cases, has made and published his award or report as a completed instrument, his power is wholly at an end. He has exhausted his authority. He is thoroughly *functus officio.* * * * * * He can neither support nor impeach it." *Morse on Awards,* 226, 227. All arbitrators must act together during the proceedings . *Morse on Awards,* 151.

In *Maynard vs. Frederick,* 7 *Cushing,* 247, there was a regular meeting of the arbitrators for the purpose of coming to a decision. At this meeting two were agreed—a third refused to assent to or to sign the award. The Court said, " it was no longer necessary to consult or even meet with the dissenting arbitrator." *Morse on Awards, &c.,* 155, 157, 158, 159.

When not limited by the terms of the submission, the referees have authority to decide questions of law necessary to the decision of the matter submitted, because they are judges of the parties' own choosing, &c. *Morse on Awards,* 214, 393.

In cases referred by agreement of parties, and *not under rule of Court,* the award of a majority of the arbitrators is binding, if it can be gathered from the submission that such was the intent of the parties. *Morse on Awards,* 163. In *Evans' Practice,* 343, *(old Ed.,)* the author says, "if there are two arbitrators, the entry referred in the usual way, authorizes the Clerk to insert in the rule a power, in case of disagreement, to choose an umpire or third person."

In such case, they proceed, and an award by all, or by a majority, is valid. *Morse on Awards,* 163; 164 ; *Rigden vs. Martin,* 6 *H. & J.,* 406.

The case at bar was referred "*in the usual way, and on usual terms,*" to the solicitor for the complainant and the solicitor for the respondent, and to a *stranger* to the cause, evidently as a third party or umpire. This reference was made by order of Court in a cause then pending before the Court, and the referees being *quasi* public officers, the award of a *majority* is binding. In *Morse on Awards,* 164, the author says, under the head, "*the rule concerning referees,*" a contrary rule holds good in case of *referees,* and the report of a majority of *them* is valid. For they are at least *quasi* public officers, persons appointed under a general statute to perform a judicial duty. *Billington vs. Sprague,* 22 *Maine,* 34 ; *Petition of Farwell,* 2 *N. H.,* 123 ; *Eastman vs. Burleigh,* 2 *N. H.,* 484.

A more reasonable and liberal interpretation of awards is now adopted by the Courts, than formerly existed ; every reasonable intendment will be made in their favor, and a construction given to them, that will support them if possible, &c. *Garitee vs. Carter,* 16 *Md.,* 309 ; *Roloson vs. Carson,* 8 *Md.,* 208 ; *Ebert vs. Ebert,* 5 *Md,* 354 ; *Caton vs. McTavish,* 10 *G. & J.,* 193 ; *Archer vs. Williamson,* 2 *H. & G.,* 68 ; *Md. & Del. R. R. vs. Porter,* 19 *Md.,* 458; *Morse on Awards,* 437, 446.

*Wm. S. Keech* and *J. T. B. Dorsey*, for the appellees.

The paper filed as an award, was not an award; it should have been signed by all the referees; and having been signed by two only, it should be set aside. *Kyd on Awards*, 106; *Watson on Arbitration and Awards*, 73, (59 *Law Lib.*); 2 *Greenl. on Ev., sec.* 74; 1 *Stephens' N. P.*, 67-8, *note a; Grindley vs. Barker*, 1 *Bos. & Pull.*, 229; *Rex vs. Whitaker*, 9 *Barn. & Cres.*, 648; *Cortis vs. Kent Water Works*, 7 *Barn. & Cres.*, 314

ALVEY, J., delivered the opinion of the Court.

By the order of Court, passed on the application of the parties, all matters of dispute involved in the pending cause, were referred to three named arbitrators, in the usual way, and upon the usual terms. An award was subsequently filed, signed by but two of the arbitrators named in the order of reference, the third dissenting, and filing a separate statement, as to his views of the subject; and one of the arbitrators signing the award, in a subsequent statement, which has been filed in the cause, gives such explanations of his views and understanding of the matter, as to make it doubtful, if his explanations could be received as evidence, whether the award is a fair exponent of his judgment of the matters referred.

But, without deciding any question as to the admissibility of the statements and explanations of either the dissenting or concurring arbitrator, for the purpose of impeaching the award, we think the award fatally defective, and therefore was properly set aside by the Court below.

Apart from all other objections, as the order of reference, that being the only evidence of the submission, did not provide that a less number than the three named referees might make an award that should be binding upon the parties, the authority delegated has not been well executed. The delegation of such power is for a mere private

purpose, and the authority being joint, it is necessary that all the arbitrators or referees should concur in the award, unless it be otherwise provided in the submission. *Green vs. Miller,* 6 *John.,* 39. In cases of persons appointed to fulfil public duties, the decision of a majority is generally sufficient, but the cases are numerous to show that the law puts a different construction on authorities of a private nature like that of arbitrators, and generally requires that all who are entrusted with such powers should concur in order to their valid execution. *Russell on Arb. and Aw.,* 208, and authorities there cited ; *Watson on Arb. and Aw.,* 73. In 2 *Greenl. Ev.,* sec. 74, the principle is stated as being well established, and without qualification, that if "the submission be to several, without any authority in the majority to decide, and the award is not signed by all, it is bad. And though a majority have power to decide, yet, in an award by a majority only, *it must appear* that all the arbitrators heard the parties, as well those who did not, as those who did concur in the decision." *Towne vs. Jaquith,* 6 *Mass.,* 46 ; *Baltimore Turnp. Case,* 4 *Binn.,* 481 ; *French vs. Richardson,* 5 *Cush.,* 450 ; *Crofoot vs. Allen,* 2 *Wend.,* 494 ; *Bulson vs. Lohnes,* 29 *N. Y.,* 291.

In this case, the award having failed by reason of the dissension of the arbitrators, the reference is at an end, unless renewed by agreement of the parties. The Court has no power, unless given by statute, or the agreement of the parties, to appoint new arbitrators ; and ordinarily it has no power to refer the matters back to the same arbitrators, after setting aside their award, unless such power be one of the terms of the submission. Among what are known as the "usual terms" of reference, which should in all cases be reduced to writing and filed in the cause, is a clause stipulating, that in the event of either of the parties disputing the validity of the award, or moving the Court to set it, or any part of it aside, the Court shall have power to remit the matters referred, or any of them, to the

reconsideration and determination of the arbitrator or arbitrators making such award. *Russell on Aw.*, 80, 658. But in a case like the present, where the arbitrators do not agree, such a term in the submission is wholly unavailing, as it would be utterly futile to remit the matters of reference to the same arbitrators, when it is apparent that they do not agree, and that the reference must ultimately fail.

Under the circumstances, the Court below pursued the only course that it could pursue, and that was to set aside the award, and re-instate the cause. *Crawshay vs. Collins,* 3 *Swanst.*, 90; *Calvert vs. Carter*, 18 *Md.*, 106.

*Order affirmed.*

(Decided 22nd June, 1875.)