## M. F. WILLIS v. K. H. HIGGINBOTHAM.

1. ABITRATION AND AWARD. *Unanimity essential.*

All the arbitrators must join in the award, unless the contrary is expressed or clearly implied in the agreement of submission.

2. SAME. *Stipulation for majority decision.*

No such implication arises from an agreement that each party shall select one or two arbitrators, who shall choose a third or fifth.

APPEAL from the Chancery Court of Marshall County.

HON. W. S. FEATHERSTON, Judge.

The appellant's demurrer to the appellee's declaration was over-ruled. This declaration alleged that certain matters of difference, which existed between them growing out of their partnership in a patent water-wheel and automatic gate enterprise, were submitted to arbitration by the following agreement:—

"WATERFORD, MISS., March 29, 1882.

"We, the undersigned, have this day agreed to pick one or two men each, and let them pick the third or fifth man, to consider a certain contract, to be produced on the day of arbitration, and after considering the contract and the statement from each one of us, and other evidences if necessary, then consider well, and make your decision final, and we will abide it, whatever it may be. Set day, 5th of April, 1882.

Witness, { "K. H. HIGGINBOTHAM,
          { "M. F. WILLIS."

The arbitrators were chosen accordingly, the declaration further stated, and, meeting, constituted a domestic court; and after hearing the contract and evidence, a majority of them made an award that, the appellant should surrender his interest in the partnership and pay the appellee four hundred and seventy dollars, but the appellant refused to comply with the award.

*J. H. Watson,* for the appellant.

The declaration with the agreement of submission fails to make a case. Unless the statute or the submission under which the arbitrators act provides to a contrary effect, or a contrary intention of the parties can be clearly and unmistakably gathered from the submission, the rule is imperative that all the arbitrators must unite in the award in order to render it valid. Morse on Arbitration and Award 162 and authorities cited. If two or more arbitrators are chosen all must act and all must concur in the award, and an award made by a majority, unless so specially provided in the submission or to be inferred from the manner or circumstances of the submission, will not bind the parties. 6 Wait's Actions and Defenses 521 and authorities cited. The plaintiff fails to aver any fact or circumstance from which the inference can be drawn that a majority of the arbitrators should govern.

*Watson & Smith,* on the same side.

*Fant & Fant,* for the appellee.

A majority of the arbitrators can make the award where the submission so stipulates. Morse on Arbitration and Award 162. This may be implied, and if the agreement provides for an odd number of arbitrators, the inference is inevitable that the majority is to govern. It was clearly the intention in this case, else the agreement that each should pick one or two men, and they the third or fifth, is mere nonsense. If such was the purpose, the award is clearly good. The authorization of a majority award, if it can be clearly implied, will suffice. For example, where the submission is to two, with a provision that if they cannot agree a third is to be called in, it is an unavoidable inference that the decision of two out of the three will be binding and an award made by two will be upheld as valid. *Battey* v. *Button,* 13 John. 187, is a case in point, and the court say that to require the award to be signed by all would involve a manifest absurdity, for the two were authorized to choose a third only in case of their disagreement.

COOPER, J., delivered the opinion of the court.

Where matters in dispute are referred to arbitration it is necessary

that all the arbitrators should join in the award, unless by the agreement of the parties expressed or clearly to be inferred a number less than the whole may make the award. Morse on Arbitration and Award 162. The declaration in the case at bar does not aver that the agreement for submission was that a majority should have power to make the award, nor do we think such an agreement may be inferred from the face of the contract itself. Where two arbitrators are selected by the parties, and there is a provision that in case they cannot agree a third is to be chosen, it may be fairly said that the parties contemplate an award to be made by the two who shall concur. *Battey* v. *Button*, 13 John. 187. But no such inference ought to be drawn from an agreement that the two or four arbitrators chosen by the parties may add another person to their number without regard to the existence or non-existence of differences between those chosen by the parties. The mere selection of an odd number of arbitrators does not, we think, sufficiently indicate an agreement that a majority may make the award.

*Judgment reversed.*