SAMUEL HUBBARD

*vs.*

THE GREAT FALLS MANUFACTURING COMPANY.

York.    Opinion January 9, 1888.

*Mill-dam. Flowage. Practice. Arbitration.*

In proceedings upon complaint for flowage, the statute contemplates that when the right to flow is controverted, such fact must be established or admitted before the appointment of commissioners.

It is not within the power, nor is it any part of the duty of commissioners to determine that question.

When a submission is made by private parties to a given number of persons, without any express authority given or to be inferred from the manner or circumstances of the submission, that a smaller number may decide, an award or decision will be void unless made by all.

A different rule prevails when authority is conferred upon several persons in matters of public concern.

ON exceptions.

Complaint for flowage. The questions presented by the exceptions are stated in the opinion.

*James A. Edgerly and Harry V. Moore,* for complainant, cited: R. S., c. 92, § 9; *Vandusen* v. *Comstock,* 3 Mass. 185; *Bryant* v. *Glidden,* 36 Maine, 36; *Lincoln* v. *Whittenton Mills,* 12 Met. 34; Morse, Arb. & Award, 162; *Furbish* v. *Ponsardin,* 66 Maine, 430; *Cutler* v. *Grover,* 15 Maine, 159; *Walker* v. *Sanborn,* 8 Maine, 288.

*R. P. Tapley,* for the respondent.

The office of the commissioners is to ascertain and report the damages sustained by the complainant, by reason of acts done by the respondent. And we may here say, this court has determined that simply flowing a man's land may not in all instances produce injury to him. That actual injury must be shown. *Bryant* v. *Glidden,* 39 Maine, 462.

To obtain a right of flowage by long use, actual injury and damages must be shown, is well settled. Say the court, in *Knowlton* v. *Homer,* 30 Maine, 555, "it is one of the plainest principles of law and of common sense, that when a party has voluntarily surrendered a right which he could have asserted, he should not avail himself of it to the prejudice of his adversary." Most certainly he should not, when he has voluntarily for good consideration surrendered such rights.

It will not, we apprehend, be contended that commissioners appointed as these were cannot act by majority. It is only by giving them some other character that unanimity can be required. In the above cited case it is said, "an agreement to submit a controversy to arbitration must have effect according to the intention of the parties exhibited in the submission, like any other contracts." "That if they intend that a concurrence in opinion of all the referees is not necessary to constitute a binding award, and that intention is apparent upon the submission, the decision of a majority is valid. This intention may be expressed in direct terms, but if it is not so expressed, but is clearly inferable from the whole instrument, it is equally obligatory." Page 553. So we say here it is clearly inferable that the parties

understood the decision was to be made as in ordinary cases of such commissioners. Everything indicates it.

FOSTER, J. This was a complaint for flowage. At the first term after notice the respondents appeared and without any pleadings being filed or other action had, the court, by consent and agreement of parties, appointed three commissioners, as provided by R. S., c. 92, § 9.

When their report was returned to court the respondents moved its acceptance, and the complainant claimed a trial by jury. Thereupon the case was continued to the next term, when the justice presiding declined to accept the report and rejected the same, to which the respondents excepted.

The exceptions cannot be sustained.

It must be conceded that inasmuch as this is a statutory proceeding it must be strictly pursued, and can be sustained only in accordance with the statutory provisions relating to such proceedings.

The statute unquestionably contemplates that when the right to flow is controverted, such fact must be established or admitted before the appointment of commissioners. It is no part of their duty, nor is it within their power, to determine that question. Not having pleaded to the complaint before the appointment of commissioners, and not having shown "any legal objection to proceeding," the effect was practically the same as if a default had been entered; and all matters that should have been determined by the proper tribunal before such appointment were shut out. *Axtell* v. *Coombs*, 4 Maine, 324–5; *Vandusen* v. *Comstock*, 3 Mass. 187; *Bryant* v. *Glidden*, 36 Maine, 42.

It only remained for the commissioners to proceed in accordance with the authority with which they were invested under the statute and their warrant issued from the court. By that they were directed and empowered to go upon the premises and make a true and faithful appraisment under oath of the yearly damages, if any, done to the complainant by the flowing of his lands described in the complaint, and determine how far the

same may be necessary, and ascertain and make report what portion of the year the complainant's lands ought not to be flowed.

Instead of this, however, at the hearing before the commissioners the parties entered into a written agreement to open the whole question of damages without regard to the statute of limitations of three years, and that the defendants might show what right they had to modify the same, and to assess damages in a lump sum.

The commissioners proceeded and heard the cause under this agreement.

The parties, by this agreement in writing, constituted the commissioners a tribunal to try matters entirely outside of the authority conferred upon them by their appointment or by statute. Not only the agreement, but also the report, signed by two of their number, shows that the right to flow was a question submitted to their consideration, and which they undertook to determine.

They were not the proper tribunal to decide that question. In undertaking to act in accordance with the agreement of parties, they failed to act in accordance with the provisions of the statute by which their powers and duties are clearly defined. Such proceedings were, therefore, irregular.

Nor could an acceptance of their report properly be claimed as an award upon a submission at common law. If it could be deemed such, then this court has nothing to do with it. And moreover a further objection would lie, and that is, that of the three arbitrators, selected by the parties, two only have concurred in the award.

For it is a well settled principle that where a submission is made by private parties to a given number of persons, without any express authority given or to be inferred from the manner or circumstances of the submission, that a smaller number may decide, an award or decision will be void unless made by all, though a different rule prevails where authority is conferred to several persons in matters of public concern. *Towne* v. *Jaquith*, 6 Mass. 46; *Green* v. *Miller*, 6 Johns. 39; *Ex parte Rogers*,

7 Cowen, 530; *Eames* v. *Eames*, 41 N. H. 181; *Patterson* v. *Leavitt*, 4 Conn. 50; *Anderson* v. *Farnham*, 34 Maine, 161.

The result is that the entry must be,

*Exceptions overruled.*

PETERS, C. J., WALTON, VIRGIN, LIBBEY and HASKELL, JJ., concurred.