# 𝔕𝔦𝔠𝔥𝔪𝔬𝔫𝔡.

## DOYLE v. PATTERSON.

### APRIL 26th, 1888.

ARBITRATION AND AWARD—*Majority*—*Case at bar.*—A disputed account is submitted to two, or an umpire. An award is signed by the latter and one of the two arbitrators. The other arbitrator refused to sign it, and withdrew:

HELD:

The award is binding on the parties.

Appeal from decree of corporation court of city of Lynchburg, rendered April 11th, 1885, in a cause wherein Samuel Patterson, the appellee here, was complainant, and Henry W. Doyle, the appellant here, was defendant. Opinion states the case.

*Stephen Adams,* for the appellant.

No counsel for the appellee.

LACY, J., delivered the opinion of the court.

This case is as follows: The appellant, Henry W. Doyle, and the appellee, Samuel Patterson, were engaged in the brickmaking business. Being unable to agree upon a settlement of their affairs without the interposition of others, they first laid the books, papers, receipts, etc., before an accountant to compile in a book a statement of the said business for the better

understanding of the parties and David M. Dabney was selected by the appellant, and accepted by the appellee for that purpose. This was done, and the statement compiled; but the appellant, not being satisfied with the result, proposed and the appellee agreed to enter into a written submission to arbitrators mutually selected. The said David M. Dabney was selected by the appellant, and one William B. Tinsley was chosen by the appellee, and they were authorized to decide all matters in dispute, and to call in an umpire if desired. The said arbitrators set to work upon the business, and agreed upon all matters except thirteen items, when, not being able to agree, they called in, as to these, an umpire mutually selected by them, named John A. Lee. The three then sat as a court, and determined the matters remaining unsettled; when a statement was made of all disputed matters, including the last-named items, and signed by William B. Tinsley, but David M. Dabney refused to sign it, when it was signed by John A. Lee, the umpire, and by the two returned as an award. The bill was filed to set aside this award, because the said Dabney had refused to sign it, and the determination of the agreed items had not been submitted to the umpire; but the corporation court sustained the award of the two arbitrators, and dismissed the bill of the plaintiff, and in this there is no error.

The agreement of submission was in writing, and duly signed, and the award thereunder covers in terms the disputed items, and is signed by two of the three, duly selected according to the terms of the submission. The three constituted a court duly chosen by the parties' own selection. At the time Dabney withdrew, and refused to have any more to do with the matter, all the items had been passed on, and it was because he was overruled that he lost his temper, and engaged in a fight with Tinsley; but, when he withdrew, the two remaining were competent to act—quite as much so as when he was present. It was not in his power to defeat everything, and throw the parties into court, and remand them to further

litigation, because he was not allowed to direct unchallenged the course of events. The provision in the contract for the selection of an umpire was to guard against this very contingency. In a court of three, two were competent to decide in all respects—as much so as the three; and the award of the two, being the award of the majority of the board, is a valid and binding award, and was rightly sustained by the corporation court as such. See the opinion of this court in the late case of *Shipman* v. *Fletcher*, 82 Va., 601, and the cases cited. While an award will be set aside for irregularities, partiality, or oppression, yet where the proceedings are regularly and fairly conducted, the parties duly heard, and judgment rendered, the same will be sustained by the courts.

In this case we perceive no error in the decree of the corporation court of Lynchburg complained of, and appealed from here, and the same will be affirmed.

DECREE AFFIRMED.