### MRS. S. H. FISH v. W. H. VERMILLION.
**No. 13,817.**    (78 Pac. 811.)

#### SYLLABUS BY THE COURT.

CONTRACTS—*Arbitration by Agreement—Award Binding.* Where an agreement is made to submit a controversy to two arbitrators, they to select a third to act with them in case they cannot agree, an award made by the third, or special arbitrator, so selected, and one of the others, is binding on the parties.

Error from Lyon district court : DENNIS MADDEN, judge. Opinion filed December 1, 1904. Affirmed.

*J. G. Hutchison,* for plaintiff in error.

*Kellogg & Madden,* and *W. N. Smelser,* for defendant in error.

The opinion of the court was delivered by

MASON, J. : This proceeding is brought to review a judgment for defendant rendered in an action brought to recover $126 as commission for a sale of real estate.

The defense was that the amount of the commission had been submitted to arbitration and had been fixed at twenty-five dollars by an award that was conclusive upon the parties.   The fact of the submission to arbitration was admitted, but it was contended that the award was void because it had been joined in by only two of the three arbitrators chosen, without the concurrence of the third.   The case was tried without a jury. The trial court held that under the circumstances shown the award was binding, and the correctness of this ruling is the only question here presented.

The agreement for arbitration was made without reference to the statute.   There was a singular confusion in the evidence as to its precise terms, and as to exactly what was done under it; but there was some evidence, and it may be deemed to have been found by the court, that the controversy was left to the decision of two arbitrators, with the understanding that if they could not agree they should select a third to act with them, and that the two first named failed to agree, and for that reason called in a third who, with one of those originally chosen, made the award.   It is the general rule that where a dispute is submitted by private agreement to a stated number of arbitrators all must join in the award to give it effect. (2 A. & E. Encycl. of L., 2d ed., 645 ; 3 Cyc. 651 ; 4 Cent. Dig. c. 156.)   But it is, of course, competent for the parties to agree that a decision by a majority shall be valid, and such an agreement may be inferred from circumstances ; and it is justly held that an arrangement for two arbitrators named by the parties to select à third only in the event that these two cannot agree necessarily implies an understanding that a determination made by the third or special arbitrator and either of the two others shall be binding.

"Although the agreement to submit to arbitration does not specifically provide for a decision of the majority, such authority may have been intended to be conferred, and this intention is to be inferred from a provision for the selection of a special arbitrator who is authorized to act only upon disagreement of those originally appointed." (3 Cyc. 653.)

See, also, Morse on Arbitration and Award, 163; 4 Cent. Dig. cc. 171–174; *Broadway Insurance Co. v. Doying*, 55 N. J. L. 569, 27 Atl. 927; *Doyle v. Patterson*, 84 Va. 800, 6 S. E. 138.

The judgment is affirmed.

All the Justices concurring.