FORD C. HARVIN *v.* ANDREW M. DENTON.

[39 South. Rep., 456.]

ARBITRATION AND AWARD. *Number of arbitrators. All must take part.*
    *Code* 1892, § 100.

> An agreement to submit a controversy to three arbitrators, one to
> be selected by each of the parties and the third by the two so
> selected, will not support an award by two arbitrators where a
> third one did not act in the premises, in the absence of all evi-
> dence of waiver of his right by the party sought to be charged.
> Code 1892, § 100.

FROM the chancery court of Lauderdale county.

HON. STONE DEAVOURS, Chancellor.

Denton, appellee, was the complainant in the court below;
Harvin, the appellant, was defendant there. From a decree in
favor of the complainant the defendant appealed to the supreme
court.

The parties had been partners and disagreed about the set-
tlement of their partnership affairs. In the vain hope of reach-
ing a settlement without a lawsuit, they entered into the arbitra-
tion agreement set out in the opinion of the court. Each party
named an arbitrator, and the two arbitrators so appointed met
and agreed upon a third one, but they further agreed that the
third arbitrator was not to be called upon to act unless the two
should disagree. They did not, however, disagree, and the third
arbitrator was never called upon to act and never did take any
part whatever in the investigation of the affairs agreed to be
submitted.

*Miller & Baskin,* for appellant.

By reference to the agreement submitting said matter to
arbitration it is manifest that the award should be made by
three arbitrators—one to be selected by the appellant, one to be

·selected by the appellee, and the third to be selected by the two; and then, and not till then, should there be an award. In other words, the agreement between the appellant and appellee was that the matters in dispute be referred to arbitrators and that all the arbitrators—to wit, the three—should join in the award; and there is no inference that any two of said arbitrators could make any award that would be binding.

The agreement of said submission was not that a majority should have power to make the award, nor can it be inferred that any such power was thus conferred; in fact, it is expressly stated that the two arbitrators, one selected by each of said parties, should select a third one, and that the three should have submitted to them all the matters of dispute between the appellant and the appellee. And so there has never been any valid award upon which the court could properly decree against the appellant.

The right to recover against the appellant is grounded upon the agreement of submission and the awards on said submission, and the decree *pro confesso* and final decree upon this award was improperly entered, and this court, we submit, must reverse said decree, as it falls within the condemnation of the case of *Willis* v. *Higginbotham,* 61 Miss., 164.

*Ethridge & McBeath,* for appellee.

There is nothing in the record that would avoid the award of the arbitrators. There was no occasion or cause for the third arbitrator; the two selected by the parties agreed on the amount due the appellee. Suppose there had been three arbitrators, and one had disagreed with the two, would this change the result? We think not. So how were the appellant's rights impaired or violated? We fail to see.

WHITFIELD, C. J., delivered the opinion of the court.

The decree in this case rests exclusively upon the legality of the award made by the arbitrators. The submission to arbitra-

tion is made in the following words: "It is hereby agreed by. and between F. C. Harvin and A. M. Denton—who are and have been doing a sales business of horses, mules, etc., in the city of Meridian, Lauderdale county, state of Mississippi, under the firm name and style of Denton & Harvin, and differences having arisen between said Denton & Harvin, and a dissolution and settlement being hereby agreed upon—that in order to adjust and settle all matters and controversies with said business and said firm, each agrees and pledges himself to an arbitration of this matter, and to this end each will immediately select an arbitrator, who shall be a person of good standing and integrity and a resident of the city of Meridian, said county and state, and that when each party shall select an arbitrator the two arbitrators shall immediately meet and select a third arbitrator, who shall also be a disinterested good citizen of known integrity, and that when said arbitrators are so selected they shall immediately proceed to investigate the books and all matters pertaining to said disputed matters; and when they shall have made a thorough and complete investigation said arbitrators shall render a statement of their conclusions and judgment as to the matters or differences between said parties, and shall certify and sign said statement, and when the same is done, each of the parties— that is, the members of the firm of Denton & Harvin—shall be handed a copy of said conclusions so reached by said arbitrators, and that when the same is so certified and handed to each of the parties it shall be conclusive as to all matters, settlements, and other matters pertaining to said partnership business.

"Witness our signatures, this the 3d day of June, 1903.

"[Signed] F. C. HARVIN,

"A. M. DENTON."

It is perfectly manifest from the reading of this submission that all three of the arbitrators were required to investigate fully together the matters of difference, and to make together an award, and to certify and sign together said award. Only two

signed it, and only two, as is clearly shown, made an investigation, and appellant was entitled to the judgment and care of all three of the arbitrators throughout the whole of the investigation. See 2 Am. & Eng. Ency. Law (2d ed.), 641; *Willis* v. *Higginbotham,* 61 Miss., 164.

*The decree is reversed and cause remanded.*