Staunton.

FRALEY V. NICKELS.

September 20, 1917.

1. ARBITRATION AND AWARD—*Award Conforming to Submission.*—
An arbitration agreement in writing submitted to the arbitrators a controversy concerning a boundary line. The agreement provided that the arbitrators should hear such legal evidence pertaining to title as either party might introduce before them.
   *Held:* That the fact that the arbitrators located and reported the boundary line according to an agreement of the parties instead of upon more formal evidence, did not constitute a deviation from their authority. The agreement was the most satisfactory evidence they could have had before them.

2. ARBITRATION AND AWARD—*Construction of Award.*—Awards are to be liberally construed to the end that they may be upheld if possible.

3. ARBITRATION AND AWARD—*Participation of all Arbitrators in Award.*—In the absence of some express or implied agreement to the contrary, all the arbitrators provided for in the submission of a controversy between private persons, must participate in the deliberation; and in such a case the award must be concurred in by all of them. The rule is otherwise with reference to controversies of a public nature or of public concern.

4. ARBITRATION AND AWARD—*Appointment of Umpire—Hearsay Evidence.*—An agreement to submit a controversy concerning a boundary line to arbitration, appointed two arbitrators, and provided that they should select a third. The award was signed by one of the arbitrators named in the agreement and by a third party as arbitrator. The award contained no mention of the appointment of this third party as umpire, in accordance with the submission. On a proceeding by one of the parties to the agreement to have the award confirmed, the other party moved that the proceeding be dismissed on the ground that there was no competent evidence in the record to show that the arbitrators had chosen the third party as arbitrator. The other party to the agreement then asked and was

48

permitted, over objection of his adversary, to introduce a writing, which purported to be signed by the arbitrators named in the agreement, and certified that they had chosen such third party as third arbitrator pursuant to the agreement of submission.

*Held:* That the writing was no part of the award and was inadmissible as hearsay.

Error to an order of the Circuit Court of Scott county, confirming an award in arbitration proceedings.

*Reversed.*

The opinion states the case.

*S. H. Bond, W. S. Cox* and *J. D. Carter,* for the plaintiff in error.

*W. H. Nickels,* for the defendant in error.

KELLY, J., delivered the opinion of the court.

On the 18th day of May, 1915, W. H. Nickels and Ephraim Fraley entered into a written agreement whereby they submitted to C. H. Cowden and C. P. Rogers as arbitrators, a controversy concerning a boundary line. The agreement provided that Cowden and Rogers should select a third arbitrator, hear such legal evidence pertaining to title as either party might introduce before them, make their award in writing, and return the same to the clerk's office of the county to be "confirmed by the court according to the statute."

On September 20, 1915, there was presented and filed in the clerk's office a paper dated the 6th day of that month signed, "C. H. Cowden, H. P. Franklin, arbitrators," which recited that Cowden and Franklin as "arbitrators selected by a written agreement herewith filed and bearing date on the 28th day of May, 1915, * * * of Ephraim Fraley

of the one part, and William H. Nickels of the other part, * * * met at Duffield, Scott county, Virginia, and pursuant to agreement of both of said parties by counsel that the said dividing line between the said Ephraim Fraley and William H. Nickels should be established as follows, to-wit: (setting out the line), we therefore adjudge, order and award that the line aforesaid be and the same is hereby declared, adjudged and awarded ·to be the true dividing line * * * All of which we submit and return to the clerk's office of Scott county, Virginia."

Subsequently, Nickels notified Fraley that he would proceed to have the report confirmed by the circuit court of Scott county, and when the cause was heard in that court Nickels introduced in evidence the agreement of May 18, 1915, and the award of September 6, 1915, and rested his case. Thereupon, Fraley moved that the proceeding be dismissed on the ground that there was no evidence in the record that Cowden and Rogers had chosen a third arbitrator. Nickels then asked and was permitted, over Fraley's objection, to introduce a writing dated on the ―― day of September, 1915, which purported to be signed by Cowden and Rogers, and which certified that they had chosen Franklin as the third arbitrator pursuant to the agreement of submission.

The foregoing being all the evidence, Fraley, by counsel, moved the court to dismiss the proceeding upon a number of grounds, the more material of which were, that the purported award did not conform to the submission, that the award was signed by only one of the arbitrators selected by the agreement, and that there was no competent evidence to show that Franklin had been selected as a third arbitrator. The court overruled this motion, and over the objection of Fraley, entered the order here complained of, confirming the award.

The material assignments of error raise the questions already pointed out as the basis of the several objections made by the plaintiff in error during the course of the trial; and these we shall now proceed to consider.

The award did not, as contended, fail to conform to the submission. The fact that the arbitrators located and reported the boundary line according to an agreement of the parties instead of upon more formal evidence, did not constitute a deviation from their authority. The agreement was the most satisfactory evidence they could have had before them. The award accomplished the purpose of the submission. Awards are to be liberally construed to the end that they may be upheld if possible. *Pollock* v. *Sutherlin*, 25 Gratt. (66 Va.) 78, 4 Min. Inst. 176; Burks Pl. & Pr., p. 28. We have no difficulty in deciding that the award was within the submission.

The award is fatally defective upon its face, however, because it shows that only two of the arbitrators participated in the consideration and decision of the question submitted to them. If Franklin was in fact selected according to the original agreement (which plaintiff in error denies), he was not to act as an umpire but as one of a board of three. Nothing in the agreement, either directly or by implication, confers authority upon a majority to act. Section 5, subsection 3, of the Code of Virginia, invoked by the defendant in error, has no application to this case, but refers to the construction of statutes and to public officers or other persons deriving their authority from a statutory source. Arbitrators in cases like this derive their powers exclusively from the agreement of submission. The authorities are practically unanimous in support of the rule that, in the absence of some express or implied agreement to the contrary, all the arbitrators provided for in the submission of a controversy between private persons, must participate in the delibera-

tion; and there is scarcely less unanimity in the rule that in such a case the award must be concurred in by all of them. The rule is otherwise with reference to controversies of a public nature or of public concern. These principles are too well settled to require or to warrant any extended discussion. See *Omaha* v. *Omaha Water Co.,* 218 U. S. 180, 30 Sup. Ct. 615, 54 L. Ed. 991-997; *Wheeling Gas Co.* v. *Wheeling,* 8 W. Va. 320, 3 Cyc. 651-2, 5 Corpus Juris, 96, 2 R. C. L., p. 383, sec. 29; *Omaha Water Co.* v. *City of Omaha,* 162 Fed. 225, 89 C. C. A. 205, 15 Ann. Cas. 508.

The question does not appear to have been expressly passed upon in this State. The Virginia cases, so far as we have been able to find, upholding majority awards, have been cases in which the agreement of submission contained express or implied authority therefor. *Coupland* v. *Anderson,* 2 Call. (6 Va.) 106; *Wheatley* v. *Martin,* 6 Leigh ( 33 Va.) 62; *Doyle* v. *Patterson,* 84 Va. 800, 6 S. E. 138. The objection to the award based upon the want of joint action by all the arbitrators should have been sustained.

It was also error to admit the writing purporting to show that Franklin was selected as therein stated. This paper was on part of the award. It was purely hearsay evidence, and was no more admissible than if some witness had gone on the stand and stated that he heard Cowden and Rogers say they had selected Franklin. The evidence was duly objected to, and the objection should have been sustained.

The brief of counsel for the defendant in error contains a very full account of certain transactions alleged therein as having led up to the award, and if the facts as stated in the brief were in the record, they might make

out a different case. We must, however, of course be governed by the record as certified to us from the trial court, and upon that record it is manifest that the judgment was erroneous and must be reversed and annulled, and a judgment entered here dismissing the rule.

*Reversed.*