# CHARLESTON.

MATTIE E. STEWART *et al. v.* THE COUNTY COURT OF
MONONGALIA COUNTY.

## (No. 5440)

Submitted September 15, 1925. Decided September 22, 1925.

1. EMINENT DOMAIN—ARBITRATION AND AWARD—*That Arbitrators to Ascertain Damages Suffered by Landowner Through Road Improvement Are to Decide on Matter of Public Interest Does Not Authorize Award by Majority.*

   Submission to arbitration by a county court for the purpose of ascertaining damages which a landowner has suffered by reason of road improvement through his land, does not constitute the arbitrators a board charged with the performance of public duties, acting under legislative authority, and the fact alone that they are to decide on a matter in which the public is interested does not authorize an award by a majority of the arbitrators, under the "public concern" exception to the general rule that all arbitrators must join in the award unless the parties expressly or by implication so stipulate in the submission. (p. 643).

2. ARBITRATION AND AWARD—*Third Arbitrator to be Chosen by Two Named by Parties to Controversy Held to Have Concurrent and Equal Powers With Other Arbitrators.*

   Where the submission to arbitration provides that two arbitrators shall be named by the parties, one by each party, and the two shall select a third arbitrator, all to be from the county, outside of the county seat, and not related by blood or marriage to the parties and not in the employment of one of the parties named, who shall make an award upon the matter submitted to them, the third arbitrator is not to be considered and treated as an umpire, but as clothed with concurrent and equal powers with the other two arbitrators. (p. 648).

3. SAME—*In Absence of Express and Implied Provision in Submission That Majority Award to be Made, All Three Arbitrators Must Join in Award.*

   In such case, in the absence of an express or implied provision in the submission that a majority award may be made, all three of the arbitrators must join in the award to make it valid. (p. 649).

Error to Circuit Court, Monongalia County.

Action by Mattie E. Stewart and others against the County Court of Monongalia County on an award of arbitrators. Judgment dismissing the case, and plaintiffs bring error.

*Affirmed.*

*Terence D. Stewart* and *Enoch M. Everly,* and *James A. Meredith,* for plaintiffs in error.

*W. French Hunt, J. W. Madden,* and *Baker, Posten & Downes,* for defendant in error.

LIVELY, PRESIDENT:

A demurrer to the amended declaration was sustained, and plaintiffs not desiring to further amend, judgment of nil capiat was awarded and the case dismissed. This writ followed.

The declaration is based on an award of arbitrators for the sum of $3,400., being the amount of damages to the lands of the plaintiffs caused by the construction of a road known as the Morgantown and Fairmont Pike, through their lands. An injunction had been granted plaintiff Mattie E. Stewart in a chancery cause pending against the County Court of Monongalia County and the State Road Commission, seeking to enjoin defendants in some matter concerning the construction of the road. An amicable adjustment of the matters arising in the chancery cause was made; and Mattie E. Stewart and the other plaintiffs herein, Louise E. Stewart and O. S. Stewart, whose lands adjoin the property of Mattie E. Stewart, the county court and the State Road Commission being desirious of arriving at the damages sustained to the lands of the plaintiffs by reason of the improvement of the road, a written agreement was entered into between the named parties, on July 14, 1923, for the purpose of ascertaining the damages sustained by the plaintiffs, and each of them, to their lands by reason of the construction of the road, and in consideration of the mutual benefits which would be derived by all of the parties by reason of such amicable adjustment and settlement of damages. By this agreement certain things were to be done by the county court and the State Road Commission concerning the construction of the road, especially

with respect to the drainage therefrom on the lands of plaintiffs, and the county court agreed to pay the costs and counsel fees which had been incurred in the injunction suit and pay all the damages sustained by plaintiffs by reason of the construction and improvement of the road through their lands; the damages to them, and to each of them, to be ascertained by arbitration. Arbitrators were to be and were selected in the following manner; plaintiffs selected one and the county court selected one, and the two arbitrators so chosen selected a third. All parties were to be bound by the award made by the arbitrators. The parties agreed that the arbitrators should be residents of Monongalia County, outside of Morgantown, and all to be real estate owners, and not related by blood or marriage to any parties in interest, nor employed directly or indirectly by the county court or State Road Commission. The amount of damages awarded to plaintiffs, and to each of them, was to be paid by the county court within thirty days after the award was made and filed by the arbitrators with the clerk of the county court. Joseph B. Snider was chosen as arbitrator by the plaintiffs and Morton Van Voorhis was chosen by the county court, and these two selected C. J. Long as the other arbitrator, which selection was approved by the parties. On April 18, 1924, the parties served written notice on the arbitrators of their appointment, and directed them to proceed to assess the damages and make the award as soon as may be. Pursuant to that notice the arbitrators went upon the lands of the plaintiffs on the 24th day of April, 1924 and on subsequent dates, for the purpose of investigation and discussion of the matters and things submitted to them, and an award was made in writing, by which they ascertained the damages to plaintiffs' property to aggregate the sum of $3,-400. This award, dated the 21st day of May, 1924, and signed by J. B. Snider and C. J. Long, "Arbitrators", was duly filed with the clerk of the county court. At a later date the plaintiffs appeared by counsel and moved the county court to pay the amount of the award, and presented an order to be entered for that purpose. The county court declined to enter the order or pay the award, stating that the entering of

said order would'be in violation of their oaths and in violation of the interests of the citizens of the county. The amended declaration charges that by said agreement the county court was enabled to proceed with the construction of the road, and received great and lasting benefits, the injunction suit having been thus amicably settled; that while the submission to arbitration does not refer to the third arbitrator (C. J. Long) as umpire, the intention of the parties in providing for the third arbitrator was that he should exercise the office of umpire, thereby insuring an award; and that it was not necessary that all three arbitrators should sign the award in order to make the same binding. The declaration charges that by reason of the premises and the award the county court is indebted to the plaintiffs in the sum of $3,400. which it refuses to pay, to the damage of the plaintiffs in the sum of $5,000.

The points raised on the demurrer were: (1) that the award was joint when it should have been separate; (2) that there was no allegation of notice by the arbitrators to the parties of the time of hearing; (3) the award was signed by only two arbitrators and was void; and (4) the contract of arbitration was ultra vires on the part of the county court.

The point of demurrer which will be taken up first and considered is, whether the failure of all of the arbitrators to concur in and sign the award renders it invalid. If the award be held to be invalid upon this point, the demurrer was properly sustained and it will not be necessary to consider the first, second and fourth points raised by the demurrer.

It is obvious from the agreement for submission, and is conceded by both parties, that the arbitration is not statutory, and is governed by the rules of common law. The arbitration is not made in a pending suit, and the award is not to be entered as the judgment of a court. At common law where the submission for an award is made to a, given number of persons, without authority or direction that a majority decision may control, the award is invalid, unless made by all. *Gas Co.* v. *Wheeling*, 8 W. Va. 320. The rule is well stated in 5 C. J. page 96, Sec. 204, ''It has been established as a general rule that under a submission to a number of arbitrators, without the expression of an intention that a majority or less

than the whole number may exercise the power conferred, or of some special statute prescribing a different rule, it is necessary to the validity of an award that all the arbitrators should concur.'' To sustain the text cases are cited from practically all of the States.. Counsel for appellees point out that this is the rule in England and in all of the States, except South Carolina and Louisiana, and such is the statement made in 5 C. J. page 97, Sec. 209.

Counsel for appellants concede this to be the rule, but contend that the agreement of submission, in the light of the circumstances surrounding it, should be construed to mean and intend that a majority award would be binding and valid. The amended declaration alleges that such was the intention of the parties. The intention of parties to an instrument in writing must be gathered from the writing itself if it be clear and unambiguous. We perceive no ambiguity in the agreement of submission.

Counsel for appellants would also escape the force of this common law rule of unanimity, under the exception to that rule, which exception is that proceedings of special tribunals acting under legislative authority upon matters of public concern, stand upon a different basis from arbitrations purely private in their nature, and in the absence of a specific requirement for unanimity when such tribunals are created, a majority of the arbitrators may render an award which will be valid. It is argued that the county court, representing the public, deals with public matters, that the construction and maintenance of roads is a public matter, and their agreement to submit to arbitration any question involving the public interest should fall within the exception to the rule of unanimity above set out. To adopt this meaning of the ''public concern'' exception would make every submission and award entered into by a county court, municipality, or any commission or board dealing with public affairs, include implied authority in the arbitrators agreed upon to make a majority award, unless the submission entered into by such public corporations, commissions or boards expressly provided otherwise. The majority rule would apply to awards over

controversies arising out of purchases made by the county court for supplies for the poorhouse and controversies over accounts generally. We do not interpret the exception of the ''public concern'' rule to extend that far. Judge Mason, in *Keller* v. *Frost,* 22 Barb. (N. Y. Sup. Ct.) 400, states the doctrine in these words:

''The common law doctrine is, that when a power, authority or duty is confided by law to three or more persons, or whenever three or more persons or officers are authorized or required by law to perform any act, such act may be done, and such power, authority or duty may be exercised and performed, by a majority of such persons or officers, upon a meeting of all the persons or officers so intrusted or empowered, unless special provision is otherwise made. (4 Denio, 125. 21 Wend. 211. 23 id. 324. 7 Cowen, 526. 1 id. 238. 3 Denio, 252, 253. 1 Bos. & Pul. 236. 3 T. R. 592. 6 John. 41. 7 Cowen, 526.''

The arbitrators themselves must be appointed or authorized by some legislative act and the matter in which they act must be of public concern. *City of Omaha* v. *Omaha Water Company,* 218 U. S. 180, 54 L. ed. 991, 30 S. C. Rep. 615, 48 L. R. A. (N. S.) 1084. The matter to be determined in that case was the valuation of a waterworks plant, which plant had been authorized by legislative enactment under which an ordinance was passed providing that the city at the end of twenty years might at its election purchase the waterworks at a valuation to be determined by appraisers, the appraisement to be made by three engineers, one to be selected by the city and one by the waterworks company, and the third to be selected by the two so chosen. Unanimity was not required. These engineers were selected by virtue of the ordinance passed under the statute, and they were acting in a public capacity in a public matter. It was not a submission to arbitrators by agreement.

Appellants also rely on *Gas Company* v. *Wheeling, supra,* in which the city sought to exercise its right of purchase given to it under the charter, of the Gas Company's property used as a public utility in that city, and one of the methods pre-

scribed for arriving at the purchase price at the end of twenty years contemplated by the act, as set out in the seventeenth section thereof, was the selection of arbitrators. Arbitrators selected under the act made an award which was signed and agreed to by two. Judge HAYMOND expressed the view that the award was valid, but held open the question as to whether this case came within the ''public concern'' exception to the general rule, saying that it was not necessary to determine it at that time. Clearly these arbitrators were selected by virtue of legislative authority and direction to settle a matter of public concern, and in a sense were a public tribunal, and their award fell within the ''public concern'' exception to the general rule at common law.

The case of *Hobson* v. *McArthur*, 16 Peters 182, 10 L. ed. 930, cited by appellants, was purely a private arbitration and has no bearing upon the ''public concern'' rule. The decision there was based on the construction of the agreement for arbitration.

*Republic of Columbia* v. *Cauco*, 190 U. S. 524, 47 L. ed. 1159, involved a controversy between the Republic and the railroad company which was operating in its territory by concession. By agreement the controversy was submitted to a commission of three; one of which was appointed by Colombia, one by the railroad company, and the third by agreement between the Secretary of State of the United States and the Colombian Minister at Washington. Before the award was made the commissioners agreed that a majority should rule in their finding. Prior to the date the award was made, the commissioner appointed by Colombia withdrew, and the others made the award, which was held to be binding. The court considered the commission to be acting as a kind of court constituted after diplomatic discussion in pursuance of a public statute of Colombia, and that the commission itself had resolved under the power given to it in the agreement that a majority vote should govern.

In *Stiringer* v. *Toy*, 33 W. Va. 86, a private controversy was submitted to two arbitrators and an umpire. Each of the parties were to choose one arbitrator and the arbitrators so chosen were to select an umpire, and the award was to be

entered up as a judgment of the court. The court held that this mode of submission necessarily implied an authority in two to make the award. This case has no bearing upon the ''public concern'' exception to the general rule.

The ''public concern'' exception applies to proceedings of public tribunals acting under legislative authority in matters of public concern. The reason for the rule is said by Justice Lurton, in *Omaha* v. *Omaha Water Co., supra,* to probably lie ''in the fact that the public affairs are controlled by majorities, and, by analogy, a majority should control when the submission is a matter which concerns the public.''

Illustrative of and embodying the rule of ''public concern'', as above stated, is the case of *People* v. *Coghill,* 47 Cal. 361, where the legislature created a board of commissioners with discretionary power to decide upon matters of public concern and made no provision that a majority should constitute a quorum. In this case the court held that all should be present and consult, but that a majority finding should rule.

In *Hewitt* v. *Craig,* 86 Ky. 23, where commissioners were appointed by an act of the legislature, it was held that a majority finding should control.

In *Hubbard* v. *The Great Falls Manufacturing Company,* 80 Me. 39, it was held that when a submission was made by private parties to a given number of persons, without any express authority given or to be inferred from the manner or circumstances of the submission, that a smaller number may decide, an award or decision will be void unless made by all; but that a different rule prevails when authority is conferred upon several persons in matters of ''public concern''. The controversy was over flowage, and by consent of the parties the court appointed three commissioners as provided by statute. The arbitrators were appointed by virtue of statutory authority, and were acting as a public tribunal.

On this point see also *Harryman* v. *Harryman,* 43 Md. 140; *Downing* v. *Rugar,* 34 Am. Dec. 223; *Rex.* v. *Beeston,* 3 T. R. 592; *Newell* v. *Keith,* 11 Vt. 214; *Darge* v. *Horicon M'f'g. Co.,* 22 Wis. 691.

While the public generally is interested in the establishment and maintenance of roads, as well as interested in all the

acts and transactions of a county court within its powers, the
arbitrators selected by joint act of the county court and
plaintiffs, did not sit in the capacity of public officials, or a
public board, acting under legislative authority. They were
not charged with the performance of public duties, and the
"public concern" exception to the rule of unanimity in the
award cannot be successfully invoked.

Does the submission agreement, fairly construed, con-
template and authorize a majority award? Three arbitra-
tors were to be selected, two by selection of one by each of
the parties, and the third by the two thus selected. The third
is not an umpire to decide when the two cannot agree. More-
over the parties themselves participated in his selection by
stipulating that he should be a resident of the county, outside
of Morgantown, a real estate owner, and not related to the
parties by blood or marriage, nor in the employment of de-
fendant or the State Road Commission. They approved his
selection when made. There is nothing to indicate that he
was not clothed with equal powers with the others in arriving
at an award. In the *Stiringer case* (33 W. Va. 86) the sub-
mission provided for two arbitrators and an umpire, the
award to be entered up as the judgment of the court. The
court said the office of an umpire was to decide between the
arbitrators in case they should disagree. It is argued that
because the third arbitrator (Long) was selected by the two
arbitrators named by the parties he should be considered as
an umpire to act only upon disagreement between the two
arbitrators. His method of selection is not controlling. It is
the usual method employed in the selection of a joint arbitra-
tor. In *Fraley* v. *Nickels,* 121 Va. 377, 93 S. E. 636, which
involved a similar submission to arbitrators, the court said:
"If Franklin (the third arbitrator) was in fact selected ac-
cording to the original agreement, . . . he was not to act as
an umpire but as one of a board of three". In *Peterson* v.
*Ayre,* 23 L. J. C. P. 129, it was held that where by the sub-
mission two arbitrators are appointed who are to choose a
third to act with them and an award by two is to be valid,
the third so chosen must act with the two, for the parties are
to have his opinion and judgment as well as that of the others;

and that the third arbitrator *must not be treated or considered
as an umpire.* And in the case of *Willis* v. *Higginbotham,* 61
Miss. 164, the court held that, ''Where two arbitrators are
selected by the parties, and there is a provision that in case
they cannot agree a third is to be chosen, it may be fairly
said that the parties contemplate an award to be made by the
two who shall concur. *Battey* v. *Button,* 13 John. 187. But
no such inference ought to be drawn from an agreement that
the two or four arbitrators chosen by the parties may add
another person to their number without regard to the ex-
istence or non-existence of differences between those chosen
by the parties. The mere selection of an odd number of arbi-
trators does not, we think, sufficiently indicate an agreement
that a majority may make the award.'' We are not cited to
any decision involving a common law submission and award
similar to the one under consideration which holds that the
unanimity rule does not apply, nor have we found such de-
cision uninfluenced by statute. It seems to us reasonably
clear that all of the three arbitrators were clothed with equal
power in consideration of the question submitted and in
making the award, and the majority rule does not apply. All
of the arbitrators not having agreed to the award, it is in-
valid, and the demurrer was properly sustained.

It would serve no useful purpose to discuss the other points
raised by the demurrer. But in passing we are constrained
to say that we are not impressed with the strength of the
position taken in defendant's brief and argument in which it
is asserted that the submission and award is invalid because
of want of power in the county court to submit the question
of damages to the land to arbitrators without directing and
requiring the arbitrators to consider and ascertain the special
benefits which would accrue to plaintiffs by reason of the road
improvement through their lands, in the ascertainment of
damages. The submission is general in its terms on the as-
certainment of damages, and does not prevent the arbitrators
from considering special benefits. Directions as to what evi-
dence may be considered in arriving at an award is not usual-
ly contained in submissions.

*Judgment affirmed.*